# Walter's Appeal.

1. A bare direction by a testator to devisees to pay money is nothing more than a personal obligation of the devisees. A charge upon the land devised is not thereby created. There must be something more, express words or necessary implication from the whole will, that such was the intention.

2. The Orphans' Court has not jurisdiction to compel devisees of land to have certain legacies charged on the land.

3. Dundas's Appeal, 23 P. F. Smith 474, distinguished

October 5th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Orphans' Court of *Allegheny county:* Of October and November Term 1880, No. 60.

Appeal of John M. Walter from the decree of the court in the matter of the estate of Adam Walter, deceased.

Adam Walter died on the 7th of May 1875, being seised of certain real estate and personal property situate in Allegheny county, which real estate, by his last will, he devised to his two sons, John M. and James H. Walter, in fee.   In his will he directed his two sons, inter alia, to pay the several legatees mentioned therein the full amount of their legacies in the following proportions to wit: John to pay the sum of $3000 and James to pay the sum of $1400.   There were seven legatees, five of whom were to receive $700 each, one $600, and one $300, aggregating $4400. None of these legacies were payable until two years after the testator's death, or until his youngest son had attained the age of twenty-one years.

On the 30th of June 1877, and after the legacies had become due and payable, three of said legatees, viz., Jacob H. Walter, Eliza J. Brown and Harriet McConaha, presented a petition to the Orphans' Court, averring that their legacies were charges on the land devised to John M. and James H. Walter, and praying for a citation on them to show cause why they should not be paid.   An answer to this petition was filed on the 10th of July 1877, and on the 4th of August the court allowed the petitioners to file an amended petition.   The cause then came on to be heard on the petition, answer and amended petition, and on the 16th of March 1878, the court decreed that said legacies were charged upon said land, and directed a levari facias to issue for the collection of them in case default was made in payment.   After the decree of the court had been made James H. Walter paid the legacies due from him.   From the decree John M. Walter took this appeal.

*W. D. Brandon, A. C. Johnston T. C. Campbell,* for appellant.—In Cables Appeal, 10 Norris 327, the same question was involved as is here raised, and the decree was no doubt based upon

14 NORRIS—20

[Walter's Appeal.]

the same reasoning. In both cases the Orphans' Court assumed jurisdiction upon the ground that the legacies were charged upon the lands devised by the wills before the court for construction. Neither of the wills contained more than mere directions to the devisees to pay the legacies. In neither were there express words charging the legacies upon the land, and in neither could it be implied from the whole will that such was the intention of the testator. If there is any difference between the two cases, Cable's Appeal is the stronger in favor of the Orphans' Court taking jurisdiction, for the land was there devised, *but* the devisees to pay legacies, while the will to be construed in this case devised the land and simply ordered and directed the devisees to pay the legacies.

A mere direction by a testator that a devisee shall pay a legacy does not thereby create a charge on land; there must be something more, express words, or necessary implication from the whole will that such was the intention: Cable's Appeal, *supra;* Miltenberger *v.* Schlegel, 7 Barr 241; Hamilton *v.* Porter, 13 P. F. Smith 332; Okeson's Appeal, Id. 99; Wright's Appeal, 2 Jones 256; Montgomery *v.* McElroy, 3 W. & S. 371; Buchanan's Appeal, 22 P. F. Smith 448; Dewitt *v.* Eldred, 4 W. & S. 414.

*A. M. Brown* and *John S. Lambie,* for appellees.—It is not necessary to cite authority to show that the intent of the testator is to be gathered from the four corners of the will. No form of words is necessary to create a charge upon land: Ripple *v.* Ripple, 1 Rawle 390; Gilbert's Appeal, 4 Norris 347; Still *v.* Spear, 9 Wright 168. An intent to charge has been implied, from a devise of the residue, real and personal, after payment of legacies: Tower's Appropriation, 9 W. & S. 103. Debts and legacies not otherwise effectively or specially provided for, fall upon the residuary legatees: McGlaughlin *v.* McGlaughlin, 12 Harris 20. A pecuniary legacy, directed by the testator to be paid out of his estate in case of a deficiency of personal assets, is a charge on the lands devised as a residue; prima facie, a general legacy is payable out of the residuary estate, real and personal: Field's Appeal 12 Casey 11; Riley's Appeal, 10 Id. 291..

In this case the testator directs certain legacies to be paid out of his personal estate. He next devises his real estate with a sufficient amount of personalty to furnish the dwelling house, and to stock and operate the farm to two sons, whom he directs to pay certain other sums of money to his "before mentioned heirs." Although he did not, in express terms, make John M. and James H. Walter residuary legatees, yet they are in effect such.

It seems to be admitted that if the legacies are charged upon the land, the Orphans' Court has exclusive jurisdiction. If authority were required we could cite Pierce Administrators *v.* Livingstone Administrators, 30 P. F. Smith 99; Mohler's Appeal, 8 Barr 26.

[Walter's Appeal.]

But we are not content to rest here; we believe, upon the authority of Dundas's Appeal, 23 P. F. Smith 474, that the Orphans' Court has authority to decree the payment of a legacy, whether the same be charged upon the land or not.

Mr. Justice GREEN delivered the opinion of the court, October 25th 1880.

In Cable's Appeal, 10 Norris 327, we said : " It is well settled that a mere direction by a testator that a devisee shall pay a legacy does not thereby create a charge on land. There must be something more, express words or necessary implication from the whole will, that such was the intention." This same doctrine was held in a number of other cases of which Okeson's Appeal, 9 P. F. Smith 99, Hamilton v. Porter, 13 Id. 332, and Buchanan's Appeal, 22 Id. 448, are examples. They have all been so recently reviewed that comment upon them is unnecessary. The force of these authorities is conceded by the learned counsel for the appellees, and they therefore argue that an intent to charge the legacies upon the lands devised to the testator's two sons, John M. and James H. Walter, is to be gathered from a reading of the whole will. We have examined it with much care and are entirely unable to discover such an intent. The testator first gives various pecuniary legacies to several of his children and to Harriet Kuhn. These legacies are payable by the executors out of such assets as may come into their hands. Then he devises his farm to his two sons, John M. and James H., to be equally divided between them. He next directs as follows : " And further, I order and direct that my said son, John M. Walter, pay to my several before-mentioned heirs the sum of $3000, and I direct that my son, James H. Walter, pay to my several before-mentioned heirs the sum of $1400." And he follows this with a provision that his two sons shall come into possession of the farm when they respectively arrive at the age of twenty-one years. In all this there is not the least expression of any desire or thought that these sums are to be charged upon the land. The testator next provides that his widow shall have control of the farm until the two sons arrive at majority, that sufficient stock and farming implements remain upon the premises for farming purposes, and that all repairs be paid out of the proceeds of the farm. Next he directs the executors to make a public sale of all the effects not needed in furnishing the mansion house, and implements and live stock not needed for farming purposes, and that his said two sons shall have a reasonable education, to be paid for out of the proceeds of the farm and of the said public sale; and he further directs his said two sons to provide equally for the support and maintenance of his widow. In the next two clauses of the will the testator devises a piece of ground to a church for a burial place. In the final clause he directs that

[Walter's Appeal.]

the bequests made to his children which are to be paid by his said two sons, are not to be paid for two years after his decease, and then to be paid in equal proportions, if they are not able to pay the whole at that time.  He closes by naming his executors.  The foregoing is an epitome of the whole will, and it fails entirely in our opinion to disclose the least evidence of an intent on the part of the testator to charge the lands devised to John and James with the payment of the sums in question.  There is nothing but a bare direction to them to pay the money, and this has frequently been held to import nothing more than a personal obligation of the devisees.    There is no residuary devise or bequest in the will, and hence there is no warrant for the proposition that John and James are to have the residue.

It is further contended that the Orphans' Court has jurisdiction to decree the payment of the legacy whether it is charged upon the land or not, and Dundas's Appeal, 23 P. F. Smith 474, is cited as authority for that position.  But, so far as this question is concerned, that was the case of an ordinary application to compel *executors* to pay legacies which it was their duty to pay:   This proceeding is a special one against *devisees* of land to have certain legacies charged upon the land, and this can only be done under the act which authorizes it, when the legacy is, by the will of the testator, " charged or payable out of real estate."   As that is not the case in this instance, it follows that there was no jurisdiction in the Orphans' Court to entertain the petition for any purpose.

Decree reversed and petition dismissed at the cost of the appellees.