## Huntington v. Minard et al.

*J. P. Felt*, for plaintiff; *Johnson & McNarney*, for terre tenant, defendant.

BAIRD, P. J., June 19, 1933.—On December 29, 1897, a judgment was entered in the Court of Common Pleas of Cameron County, to No. 12, February Term, 1898, upon a judgment note dated May 10, 1897, for $345.47, at the suit of L. K. Huntington against George Minard. This judgment was revived from time to time, the last revival being on November 7, 1927, for $1,870.94, to No. 17, January Term, 1928.

On November 2, 1932, a sci. fa. to revive and continue the lien of judgment No. 17, January Term, 1928, was issued at the suit of L. K. Huntington against George Minard, defendant, and Joseph Walker, terre tenant, returnable to the fourth Monday of November 1932.

On April 17, 1912, Susan Minard conveyed to Bertha I. Minard, wife of George Minard, defendant, certain real estate situate in Shippen Township, Cameron County, Pa., containing 239.5 acres, more or less.

On October 16, 1926, Bertha I. Minard, wife of the defendant, died testate, and by her last will and testament dated September 8, 1926, and probated and recorded December 27, 1929, provided as follows:

"First: I direct that the expenses of my last illness and funeral and all my just debts be paid as soon after my decease as possible.

"Item: I give, devise and bequeath to my beloved husband, George Minard, all the property, whether real, personal or mixed, of which I may die possessed, to have and to hold to him, his heirs and assigns forever."

To the last-mentioned writ of sci. fa. the defendant and terre tenant filed an affidavit of defense, setting forth the facts above stated, and alleging, in addition thereto, that the expenses of the last illness and funeral of the testator approximated $2,000; that she left no money or personal property out of which the said expenses could be paid, and that her husband, the said George Minard, defendant, was without funds or property of his own with which to pay the same; that the only property out of which said expenses could be paid was the real estate above mentioned; that, for the purpose of obtaining money with which to pay said expenses, the said George Minard, on January 1, 1930, entered into a contract with Joseph W. Walker and Anna Walker, his wife, to sell to them for the sum of $1,000, payable in instalments, a part of the land devised to him by his wife; that certain payments had been made on said contract and applied on account of the said expenses, and that future payments would be used for the same purpose; the affidavit of defense concluding with an averment that "the judgment sought to be revived and any revival thereof cannot be a lien upon that portion of the real estate contracted to be conveyed to the said Joseph W. Walker and Anna Walker, his wife, and the said Joseph W. Walker is not subject to a judgment against him as terre tenant."

It does not appear that an action was brought for the recovery of any of said expenses within a year from the death of the testatrix, as required by section 15 of the Fiduciaries Act of 1917, P. L. 447, in order to continue the lien thereof, but it is contended by the defendant and terre tenant that because of the provisions of the will requiring the payment of the expenses of the last illness and funeral of the testatrix and because she left no personal estate, "it must be presumed that there should be a sale of the real estate for the purpose of paying the debts", and that the limitation of the lien of debts of a decedent to 1 year, except where an action is brought within that time, does not apply, and in support of this contention Alexander v. M'Murry, 8 Watts 504, Steel v. Henry, 9 Watts 523, and Trinity Church v. Watson et al., to use, 50 Pa. 518, are cited as authority. Alexander v. M'Murry and Steel v. Henry are easily and clearly distinguished from the case at bar on the common grounds that in both of them there was (1) an express direction to sell the real estate of the testator; (2) the debts were made a charge on the land; and (3) a trust fund was created out of the proceeds of the sale for the purpose of paying debts or debts and legacies. The present will is entirely different. It does not direct a sale of the land nor make the debts a charge on the land, and of course does not create a fund from any source or for any purpose. It simply directs that certain expenses and all just debts be paid, without mentioning the source of such payment, or by whom payment is to be made. So far as charging her land with the payment of the expenses mentioned by her is concerned (she does not appear to have had any other debts), the result is the same as if she had died intestate. The payment of the expenses of her last illness, funeral, and debts is not by the will of the testatrix made even so much as a personal obligation of the devisee, her husband, and if it were, a charge upon the land would not be created thereby: Walter's Appeal, 95 Pa. 305.

An attempt is made to bring this case within the ruling of Trinity Church v. Watson, supra, where the testator specified that certain named creditors be

paid, and that "so much of [his] real estate" as might "be thought expedient, be sold", as would "raise the money to pay [his] debts". The gist of the opinion in that case is, as stated by counsel for the defendant and terre tenant in his brief, that "a general charge on real estate by devise for the payment of debts does not create a testamentary lien of unlimited duration, for the reason that it is against public policy to permit indefinite liens whereby bona fide purchasers may be injured and titles become insecure", but reliance is had on that part of the opinion which holds that, where the direction is to pay certain specified debts, the act requiring suit to be brought within 5 years (now 1 year) does not apply. The answer to that is that there is in this will no devise for the payment of debts, nor are there any particular creditors named, as in Trinity Church v. Watson et al., to use, but only a class of expenses, without designation of the creditors. The part of the opinion relied upon reads as follows (p. 529) : "If it be asked why distinguish between a devise for specified debts and one generally for creditors, I answer, that the former are equivalent to legacies charged upon the land, indeed to the devise of the land itself to the creditor, who being thus known and recognised by the testator, stands in no need of proof of his debt, which can be ascertained and removed by payment or sale. He is well-known and upon equal footing with the devisee of the land; while one who claims but as belonging to a class is neither known nor recognised even by the will, except upon proof that he belongs to the class. His case is clearly adversary until he has maintained his right to seat himself upon the trust. He falls within the mischief the Act of 1834 intended to remedy, and should be governed by its terms which literally include him."

Another contention on the part of the defendant and terre tenant is that the real estate contracted to be sold to Joseph Walker and Anna Walker, his wife, is held by them by entireties, and that no lien can attach to this real estate unless both are named and served as terre tenants. The law on this subject is that the interest of husband and wife, where they hold by entireties, may be the subject of lien, and upon the death of either the lien against the survivor may be enforced: Fleek v. Zillhaver, 117 Pa. 213; Beihl v. Martin, 236 Pa. 519, 525; Klopfenstein et ux. v. Chadbourne, 105 Pa. Superior Ct. 530, 533.

Now, June 19, 1933, the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense is made absolute.

From Edwin W. Tompkins, Emporium, Pa.