William G. Carson, Appellant, *v.* Annie K. Ford, deceased; Michael Ford, Jr., Executor of the last will and testament of Annie K. Ford, deceased; Michael Ford, Jr., Charles Ford, Joseph J. Ford and Mary M. Ford.

*Judgment—Restricted lien—General verdict on sci. fa. to revive.*

A judgment on single bill specifically restricted to certain property designated to the exclusion of all other estate, real and personal, is not extended by a general verdict for the plaintiff on a scire facias to revive, and judgment will be entered thereon so as to conform to the original proviso in the bill single.

Argued Oct. 7, 1897.    Appeal, No. 60, Oct. T., 1897, by plaintiff, from restricted judgment of C. P. No. 2, Phila. Co., June Term, 1894, No. 203, on verdict for plaintiff.    Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Sci. fa. to revive judgment.    Before PENNYPACKER, J.

It appeared from the evidence that one Michael Roach owned the house 1605 South street and William G. Carson, the plaintiff, had a general judgment against Michael Roach.    Annie K. Ford also had claims against Roach and agreed to loan him more money and take a conveyance of the house.    Carson, the plaintiff, satisfied his judgment and took the judgment note of Annie K. Ford for his debt and agreed to restrict the lien to the conveyed premises, the proviso being as follows:

"Provided, however, that said judgment when entered as aforesaid shall be restricted to and binding only upon the real estate and premises No. 1605 South street, in the city of Philadelphia, now owned by me, and not to affect or bind any other property or estate, real or personal, now owned or which may hereafter be owned by me."

Some six months after Mrs. Ford died and a scire facias was issued by the plaintiff to revive his judgment generally against the heirs of the decedent, Mrs. Ford.

The verdict was for the plaintiff for $413.79.    Defendants filed motions and reasons for a new trial.    After argument of

VOL. VI—2

the rule for the new trial the court discharged the rule and ordered judgment to be entered as follows:

" That judgment be entered on the verdict, provided, however, that said judgment when entered as aforesaid, shall be restricted to and binding only upon the interest of Annie K. Ford, deceased, in the real estate and premises No. 1605 South Street in the city of Philadelphia, and not to affect or bind any other property or estate, real or personal, now owned or which may hereafter be owned by the estate of said Annie K. Ford, deceased." Plaintiff appealed.

*Errors assigned* were (1) in attaching a restriction or proviso to the judgment for plaintiff entered on the verdict, reciting proviso. (2) In not entering a general judgment for plaintiff, without condition or restriction.

*John Dolman,* for appellant.—Relied on Stanton v. White, 32 Pa. 358, Dean's Appeal, 35 Pa. 405, and McMurray v. Hopper, 43 Pa. 468.

*Walter George Smith,* with him *William Rudolph Smith,* for appellees.—The cases cited by the appellant have no bearing on the real question at issue. In none of the cases cited was any agreement proved, as in this case. The appellees' contention is that their case is brought clearly within the principles laid down in the case of Irwin v. Shoemaker, 8 W. & S. 75. See also, Hoeveler v. Mugele, 66 Pa. 348, and Sankey v. Reed, 12 Pa. 95.

Opinion by Beaver, J., November 19, 1897 :

Judgment was originally entered in the court below on a single bill with warrant of attorney to confess judgment, which contained the following proviso: " Provided, however, that such judgment when entered as aforesaid shall be restricted to and binding only upon the real estate and premises No. 1605 South Street in the City of Philadelphia, now owned by me, and not to affect or bind any other property or estate, real or personal, now owned or which may be hereafter owned by me." After the death of Annie K. Ford, a scire facias was issued to revive the judgment against the heirs and personal representatives of the

decedent. On the trial of this scire facias a general verdict for the plaintiff was taken, but, upon a motion for a new trial, the rule granted therein was, upon hearing, discharged, and judgment was directed to be entered upon the verdict in accordance with the restrictions contained in the proviso which was part of the original obligation. From the decree restricting the effect of the judgment this appeal is taken, the only error assigned being the entry of the judgment with the restricting clause attached, instead of a general judgment, without condition or restriction.

It is only necessary to examine the bill single, upon which the original judgment was entered, which constitutes the contract between the parties to ascertain what their intention was. That the parties to a judgment can restrict the liability of the obligor as well as its lien is recognized in all the cases. It is to be observed that this is not the case of Stanton v. White, 32 Pa. 358, in which the restriction was "This judgment to be a lien only upon lands conveyed to me by the said obligees by deed of this date, April 16th, 1856;" nor is it the case of Dean's Appeal, 35 Pa. 405, in which it was provided that "The lien of the judgment should be restricted to the real estate this day conveyed," referring to the date of the bond, the judgment in which case was revived amicably by confession during the lifetime of the defendant without limitation or restriction as to its lien; nor is it the case of McMurray v. Hopper, 43 Pa. 468, in which it was agreed that the original judgment "was to be a lien upon the property sold and upon the house and lot opposite to it directly across said road and not to affect any other part of said McMurray's estate or property." In all of these cases there was a simple restriction of the lien of the judgment entered to property specifically described, without in any way, directly or by implication, affecting the obligation or debt upon which the judgments were based respectively. The proviso in this case is much more comprehensive and far reaching in its terms and consequent effect than any of those referred to in the cases cited. In addition to the restriction of the lien to the premises No. 1605 South street in the city of Philadelphia, it is expressly provided that the judgment is "not to affect or bind any other property or estate, real or personal, now owned or which may hereafter be owned by me." Inasmuch as the judgment entered

in pursuance of the warrant of attorney, to which this proviso is attached, could not in itself affect personal property nor, until subsequently revived, real estate thereafter acquired, it is evident that the obligor intended not only to limit the lien of the judgment to the premises described therein but to limit the obligation itself to the said premises, so that no execution issued upon the said judgment nor any subsequent revival thereof should by any possibility affect or bind any other property or estate, real or personal, then owned or which might thereafter be acquired by her. That she had the right to so limit her liability cannot be doubted, and that the obligee agreed to such limitation by the acceptance of the bill single with the proviso is equally clear. The paper, proviso included, constituted the agreement between the parties and by its terms they are bound. We are satisfied that the court below gave practical effect to what the parties intended by restricting the effect of the judgment entered upon the verdict in the scire facias, and this upon a proper consideration of the contents of the paper itself. The parol testimony offered in the case in no way strengthened or enlarged the restricting clause contained in the paper upon which the original judgment was based. Considering that proviso or restriction in itself, and construing it without reference to parol testimony, the court was entirely justified in limiting the effect of the judgment entered upon the verdict in accordance with the stipulation contained in the original obligation.

The assignments of error are, therefore, both overruled, and the judgment is affirmed.