Anna M. Pipher, Guardian for use of Joseph William
  Foley, Administrator of Virginia M. Foley, Deceased,
  Appellant, v. J. Carlton Duke, Defendant, and Henry
  J. Duke and W. F. Duke, Terre-Tenants.

*Judgment—Amicable revival after expiration of lien—Terre-tenants.*

The lien of a judgment having expired prior to an amicable revival
thereof, such revival cannot continue the lien against land sold by the
debtor prior to such revival and again sold by the vendee to another.

On a sci. fa. subsequently issued to revive the judgment letters of the
alienee of the debtor tending to show an undertaking by him to pay the
judgment were properly rejected as such an understanding could not be
enforced in such action either against the alienee of the debtor or his
vendee as terre-tenants.

Argued March 13, 1900.   Appeal, No. 27, March T., 1900,
by plaintiff, from judgment of C. P. Cumberland Co., Nov. T.,
1898, No. 160, on verdict for defendant.   Before RICE, P. J.,
BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.
Affirmed.   Per Curiam.

Scire facias to revive and continue the lien of judgment, No. 404, September term, 1895. Before BIDDLE, P. J.

It appears from the record that a loan of $500 to the plaintiff was secured by the judgment note of J. Carlton Duke which was duly entered of record on August 21, 1890. On March 28, 1894, J. Carlton Duke conveyed premises subject to the lien of this judgment to his father, Henry J. Duke. This deed was not recorded until two years afterwards, to wit: March 24, 1896. On September 1, 1895, J. Carlton Duke confessed an amicable revival of the above-mentioned judgment. On April 10, 1897, H. J. Duke conveyed the premises to W. F. Duke. On November 10, 1898, a writ of scire facias was entered to No. 160, November term, 1898, to revive and continue the lien of the judgment.

At the trial of the case an offer was made to show by certain letters and by other testimony that when J. Carlton Duke made the conveyance of the property to his father no consideration had been paid and that H. J. Duke, the grantee, assumed to pay the liens as purchase money. This offer was rejected by the court. The court directed a verdict in favor of defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (2) in rejecting the following offer on the part of the plaintiff: Plaintiff offers depositions to show that there was no visible or open change of possession in the property described between the date of March 21, 1894, and the date of the conveyance from J. Carlton Duke to his father Henry J. Duke, on September 3, 1895, the date of the amicable revival of the judgment against J. Carlton Duke, for the purpose of showing that the plaintiff in the judgment had no notice of change of possession if such notice is necessary. (4) In rejecting plaintiff's offer to show by letters to be hereafter produced and identified of J. Carlton Duke and Henry J. Duke to A. G. Miller, counsel for the present holder of the judgment to show that when this property was conveyed by J. Carlton Duke to Henry J. Duke on March 24, 1894, the understanding and agreement between the parties to the conveyance was that it was conveyed subject to the lien of this judgment,

to be followed by proof that Henry J. Duke paid no consideration for the property except contracting to pay the lien against the same.

*A. G. Miller*, with him *Hugh R. Miller*, for appellants.—From an examination of the cases with respect to the revival of the lien of judgments against terre-tenants, it will uniformly appear that where the lands of the terre-tenant were discharged, it was a case where the terre-tenant had placed his deed on record, or had entered into the exclusive possession of the property before the revival between the debtor and creditor had taken place: Porter v. Hitchcock, 98 Pa. 625; Buck's Appeal, 100 Pa. 109; Wetmore v. Wetmore, 155 Pa. 507; Lyon v. Cleveland, 170 Pa. 611; Suter v. Findley, 5 Pa. Superior Ct. 163; Uhler v. Moses, 10 Pa. Superior Ct. 194.

*Conrad Hambleton*, with him *John W. Wetzel* and *Robert W. Irving*, for appellee.—A judgment ceases to be a lien after five years as against one who purchased the premises within that period: Little v. Smyser, 10 Pa. 381; Zerns v. Watson, 11 Pa. 260; Colborn v. Trimpey, 36 Pa. 463; Colwell v. Easley, 83 Pa. 31.

The law being that a judgment creditor is not within the recording acts and, therefore, not entitled to notice of conveyance it follows that the new judgment of Mrs. Pipher must be postponed in favor of an unrecorded deed: Cover v. Black, 1 Pa. 493; Morris v. Ziegler, 71 Pa. 450; Davey v. Ruffell, 162 Pa. 443.

There was no fraud in the conveyance of this land by J. Carlton Duke to Henry J. Duke or by him to W. H. Duke of which the appellant can complain: Rhoads's Appeal, 11 W. N. C. 276.

One who has a lien on hand is not defrauded by a conveyance of the land without consideration. His lien continues, and it is not a fraud to compel him to keep his judgment revived: Haak's Appeal, 100 Pa. 59; Armington v. Rau, 100 Pa. 165; Fidler v. John, 178 Pa. 112.

PER CURIAM, April 23, 1900.:
On August 21, 1890, the plaintiff obtained judgment against

J. Carlton Duke.   On September 3, 1895, an amicable revival of the judgment signed by J. Carlton Duke alone was entered of record, and on November 10, 1898, a scire facias issued upon the last named judgment.   On the trial of the issue between the plaintiff and H. J. Duke and W. F. Duke, named as terre-tenants, it appeared that J. Carlton Duke conveyed the premises bound by the lien of the original judgment to H. J. Duke on March 28, 1894, and that the latter conveyed the same to W. F. Duke on April 10, 1897.   Unfortunately for the plaintiff, on the date of the amicable revival, the lien of the judgment had expired, and no action of the parties to it could restore it to life as against the land that had been aliened in the mean time, whether the deed to the alienee was on record or not. This seems too plain to require discussion.   The letters offered in evidence fail to show a personal undertaking by H. J. Duke to pay the judgment, and even if they did it could not ·be enforced in this form of proceeding even as against him, much less against W. F. Duke to whom the land had been aliened before the scire facias issued.   The court correctly rejected the offers and gave the jury binding instructions to find for the defendants in the issue they were sworn to try.

Judgment affirmed.