## Shoemaker *v.* Hurwitz, Appellant.

*Judgments—Set-off of judgment against judgment—Bankruptcy—Failure to schedule judgment.*

Where the defendant in a judgment is adjudicated a bankrupt, and the plaintiff with knowledge of the bankruptcy proceedings fails to schedule his judgment in such proceedings, he cannot thereafter set off his judgment against a judgment of the bankrupt recovered against him prior to the bankruptcy proceedings.

Argued Dec. 9, 1913. Appeal, No. 112, Oct. T., 1913, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1913, No. 392, discharging rule to set off one judgment against another in case of Harry J. Shoemaker, Trustee in Bankruptcy of Nicholas Ushka, v. Harry Hurwitz. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to set off judgment.

BARRATT, J., filed the following opinion:

On January 30, 1911, one Nicholas Ushka gave his judgment note for $100 to Harry Hurwitz for certain indebtedness. On February 27, 1911, Hurwitz instituted replevin. On April 10, 1911, Ushka was adjudicated a bankrupt. Three days after that, on April 13, he intervened in the replevin suit claiming he was the owner of the horse replevied and demanding damages from Hurwitz. The replevin suit proceeded with Ushka, now as the real plaintiff; affidavits of defense and pleas were filed and the case came to trial on June 11, 1912, before my brother STAPLES, P. J., specially presiding, and a jury. On June 12, 1912, Ushka, the nominal defendant but real plaintiff, gained a verdict for $175 against Hurwitz for seizing the horse upon the replevin. Soon after that on June 26, 1912, Hurwitz filed his judgment note for $100 against Ushka in this court as of June Term, 1912, No. 2017. On October 29, 1912, judgment in favor of the said Ushka was entered pursuant to the verdict of the jury in the previous June, the rule for a new trial having been discharged by the court October 8, 1912, the opinion being filed by Judge STAPLES. On November 20, 1912, Harry J. Shoemaker, the trustee in bankruptcy of Ushka, was substituted as plaintiff in place of Ushka. He caused a fieri facias to issue on December 31, 1912, and levy was made by the sheriff on the personal property of Hurwitz.

Hurwitz now petitions the court and a rule was granted upon said Shoemaker, trustee, to show cause why the judgment against Ushka should not be set off against the judgment in favor of Ushka, the proceedings in the meantime on the fi. fa. to be stayed.

Hurwitz, the plaintiff on the judgment note, could have gone into the bankruptcy court and proved his claim against Ushka and thereby have gained a right to share in the distribution of the bankrupt estate.

He could have proved his claim under sec. 63 of the bankrupt act, sub. 1. This authorizes proofs of debts

of the bankrupt which are "(1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not. . . ." Probably, too, the petitioner for the set-off now prayed could have proved his debt under subd. 5 of sec. 63, which authorizes proof of claim "founded upon provable debts, reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge:" Boynton v. Ball, 121 U. S. 457–466; Loveland on Bankcy. (ed. of 1912), sec. 758.

Under sec. 17 of the bankrupt act the bankrupt cannot claim a discharge, however, even in case, when the debt is provable against the bankrupt estate where the debt shall "(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." "The burden of proof is upon the bankrupt to establish the fact that the debt was duly scheduled or that the creditor had notice or actual knowledge of the proceedings:" Weidenfeld v. Tillinghast, 18 Am. Bankcy. Rep. 531, 54 N. Y. Misc. 90, which is a New York case, and it has been followed in Graber v. Gault, 103 N. Y. App. Div. 511; Wineman v. Fisher, 135 Mich. 604, and Bailey v. Gleason, 76 Vt. 115. In this case in delivering the opinion of the court Judge Munson said, "It is this which gives the court jurisdiction of the particular creditor, and makes its discharge a discharge from his claim. The ordinary presumptions of regularity do not touch him, for unless named in the schedule he is unknown to the proceedings. Unless connected with the proceedings by the schedule or by knowledge of them, there is no discharge as to him. So in pleading the discharge in bar of his claim there must be an allegation of that which makes the discharge effective against him."

The supplemental answer of the trustee in opposition

to the set-off avers that the petitioner, Hurwitz, had actual knowledge of the proceedings in bankruptcy in time to prove his claim as a creditor. It is plain, therefore, that the debt due Hurwitz has been discharged by the discharge of Ushka in the bankrupt court. It was also contended that the claim of Hurwitz on the judgment note in his favor should have been set up by way of set-off in the replevin suit. No authority was cited for this proposition. The claim existed it is true when the replevin issued, but in general a set-off is not allowable in replevin, which is in form an action ex delicto for damages for the unlawful seizure of personal property and uncertain in its nature: Fairman v. Fluck, 5 Watts, 516; Waterman on Set-Off (2d ed.), 144.

Both claims, however, have ripened into judgment and both are of equal right. Consequently one may be set off against the other in a proper case.

The courts of Pennsylvania have adopted to their full extent all the doctrines of courts of equity with respect to set-off; and, therefore, one judgment may be set off against another when both are in the same right though in different courts. Judgments are set off against each other not by force of the statute of defalcation but by the inherent powers of the courts, immemorially exercised; being almost the only equitable jurisdiction originally appertaining to them as courts of law.

Rule discharged.

*Error assigned* was order discharging the rule.

*Bernard R. Cohn*, with him *Thomas F. Gain*, for appellant.—If the claim of a creditor who is also a debtor of the estate is one payable in its nature, the fact that he has not proved it within the year does not affect his right to plead it as a set-off or a counterclaim in an action by the trustee to recover his indebtedness to the estate as a claim provable against the estate within the meaning of sec. 68b: Norfolk & Western Ry. Co. v.

Graham, 16 Am. B. R. 610; Steinhart v. National Bank, 19 Am. B. R. 72; Ommen v. Talcott, 23 Am. B. R. 570.

Failure to make proof within the year does not preclude a creditor from pleading his claim in diminution of or to defeat the claim of the trustee upon a debt due the bankrupt estate when asserted in an independent action: Norfolk & Western Ry. Co. v. Graham, 16 Am. B. R. 610; In re Mertens, 16 Am. B. R. 825; In re Havens, 25 Am. B. R. 116.

The limitations of sec. 57 of the bankruptcy act of 1898 applies only to claims sought to be asserted in the bankruptcy proceedings in order to share in the distribution of the estate as a general creditor: Norfolk & Western Ry. Co. v. Graham, 16 Am. B. R. 610.

*Bertram D. Rearick*, with him *Bernard A. Illoway*, for appellee.—Under the facts of this case, it is admitted that the claim of the appellant here was not scheduled in the bankruptcy proceedings of Ushka, but it is also admitted that Hurwitz had actual knowledge of the pendency of those proceedings in time to prove his claim therein. It is therefore clear that the discharge in bankruptcy is a perpetual bar against the judgment of Hurwitz: Wolf v. Stix, 99 U. S. 1; Hill v. Harding, 130 U. S. 699.

OPINION BY RICE, P. J., April 20, 1914:

It is undisputed that the debt of Ushka to Hurwitz, represented by the judgment note of the former to the latter, and afterwards, by the judgment entered on it, was a provable debt in the Ushka bankruptcy proceedings.

It had no peculiar or special relation to, or connection with, the demand that was at the foundation of the judgment Ushka obtained against Hurwitz in the action or replevin, which entitled the latter to set it up as a payment or a credit, or in any other way to reduce that demand whensoever it might be asserted against him.

Although it was not scheduled in time for proof and allowance in the bankruptcy proceedings, Hurwitz had knowledge - of the proceedings in time to prove it. Therefore it is not one of the exceptional classes of debts mentioned in sec. 17 of the National Bankruptcy Act, but falls under the general provision, "A discharge in bankruptcy shall release a bankrupt from all his provable debts." As correctly stated by the learned judge below, judgments are set against each other not by force of the statute of defalcation but by the inherent powers of the courts, immemorially exercised; being almost the only equitable jurisdiction originally appertaining to them as courts of law. Being a discretionary power the justice and propriety of its exercise, must be determined by the facts and circumstances of each particular case. None of the authorities cited by appellant's counsel go to the full extent that is required in order to hold that the judgment in favor of Hurwitz survived Ushka's discharge in bankruptcy for purposes of set-off in the exercise of this equitable jurisdiction, and we agree with the learned judge below that the proposition is not sustainable on principle.

The order is affirmed at the costs of the appellant.