## Italo-French Produce Co. v. Dellapa, and Zeno, terre-tenant.

*Judgment—Lien—Revival—Five years' limit—Deed—Recording—Acts of April 16, 1849, and June 1, 1887.*

1. Where judgment is entered against a defendant and becomes a lien on his land, and within five years thereafter the owner conveys the land to another, who immediately places his deed on record, the plaintiff in the judgment loses his lien on the land if he does not issue a *scire facias* to revive within five years from the date of the judgment.

2. The Act of April 16, 1849, P. L. 663, does not apply to such a case.

3. The Act of April 16, 1849, P. L. 663, is not repealed by the Act of June 1, 1887, P. L. 289.

4. Under the Act of June 1, 1887, if a deed to a terre-tenant is on record, the *scire facias* to revive the judgment and continue the lien must name the terre-tenant. If the deed is not on record or the terre-tenant is not in possession of the land, the Act of April 16, 1849, applies; that is, the judgment must be regularly revived against the defendant, and, if so, the lien of the original judgment will continue for a period of five years from the date of the recording of the deed.

5. The word "regularly," as used in the Act of April 16, 1849, can only mean revival within the time prescribed by law; that is, five years.

*Scire facias* to revive judgment. Affidavit of defence raising questions of law. C. P. Indiana Co., Sept. T., 1921, No. 219.

*S. J. Telford*, for plaintiff; *E. E. Creps*, for terre-tenant.

LANGHAM, P. J., Dec. 3, 1921.—This case came on to be heard by argument of counsel on an affidavit of defence on the part of Frank Zeno, terre-tenant, raising questions of law.

The pertinent facts, which are admitted, in so far as Frank Zeno, the terre-tenant, is concerned, are as follows:

*(a)* April 21, 1916, original judgment entered by Italo-French Produce Company *v.* Vito Dellapa, trading as Vito Dellapa & Bro., to No. 215, June Term, 1916.

*(b)* Jan. 28, 1919, Vito Dellapa and wife conveyed a lot of ground to Eugenio Trimarchi et al., deed therefor being recorded on Jan. 28, 1919, in Deed Book, vol. 170, page 226.

*(c)* Sept. 29, 1919, Eugenio Trimarchi et ux. et al. conveyed the same lot of ground to Frank Zeno and Joe Martinelli, deed therefor being recorded on Sept. 29, 1919, in Deed Book, vol. 176, page 183.

*(d)* March 23, 1920, Joe Martinelli conveyed his undivided one-half interest in above lot of ground to Frank Zeno, deed therefor being recorded on March 23, 1920, in Deed Book, vol. 179, page 164.

*(e)* Aug. 6, 1921, *sci. fa.* was issued upon judgment No. 215, June Term, 1916, entered as above set out on April 21, 1916.

It will be observed that *(a)* all of the deeds covering the three transfers were placed on record on the respective dates of delivery, and all were of record prior to the issuing of the *sci. fa.* and prior to the expiration of the judgment sought to be revived; and *(b)* that the *sci. fa.* was issued on Aug. 6, 1921, almost four months after the lien of the judgment had expired, said original judgment having been entered on April 21, 1916. Under such circumstances, the law is well settled that the judgment had lost its lien as to land aliened during the five-year period.

"If a judgment be not revived within five years from its entry, either by amicable *scire facias* or by writ of *scire facias* issued adversely, the lien expires as to other creditors who have a lien at the time or procure one subsequently; or, as against purchasers, whether or not the deed is recorded. It remains a lien against the defendant, however, without revival. After five

1 D. & C.

years it loses its lien as to one who bought the land whilst it was a lien:"
2 Johnson's Pennsylvania Practice (Ed. of 1911), page 239, par. 44, wherein
are cited a number of cases in the foot-notes, among them the case of Pipher
v. Duke, 13 Pa. Superior Ct. 279.

In the case of Pipher v. Duke, 13 Pa. Superior Ct. 279, in a *per curiam*
opinion, the court said: "Unfortunately for the plaintiff, on the date of the
amicable revival, the lien of the judgment had expired, and no action of the
parties to it could restore it to life as against the land that had been aliened
in the meantime, whether the deed to the alienee was on record or not. This
seems too plain to require discussion."

In the case above cited an amicable revival was signed by the defendant,
and at a later date a *scire facias* was issued adversely against the terre-
tenant, whilst in the case at bar the *scire facias* issued was against both the
defendant and the terre-tenant; but the cases are parallel in the controlling
fact, namely, in both the attempt at revival was after the expiration of the
five-year period in which the original judgment sought to be revived continued
to be a lien. In other words, the case of Pipher v. Duke (which was decided
in 1900 and has not been overruled) lays down the rule that where a judg-
ment is not revived within the five-year period, its lien is lost as to land
aliened in the meantime. That being the situation in the case at bar, it is
ruled by that decision.

Some question has arisen as to the effect upon the case at bar of the Act
of April 16, 1849, P. L. 663, but a close examination of that act will show that
a case such as the one at bar is not within its contemplation. It provides:
"In all cases when a judgment has been or shall be regularly revived between
the original parties, the period of five years during which the lien of the
original judgment continues shall only commence to run in favor of the terre-
tenant from the time that he or she has placed their deed on record: Pro-
vided, that this act shall not apply to any cases which have been finally adju-
dicated, or where the terre-tenant is in actual possession of the land bound
by such judgment by himself or tenant."

The purpose and effect of this act were passed upon in the case of Wetmore
v. Wetmore, 155 Pa. 507 (1893), in which Mr. Justice Dean said, *inter alia:*
"Unquestionably, the obvious intent of this act was to continue the lien of
the original judgment against the land of the debtor by a revival against him
alone, unless the purchaser or terre-tenant put his deed upon record or was
in actual possession, in which cases the five years commenced to run in his
favor from the date of recording the deed, or from the date he took possession
of the land, personally or by his tenant. We so held in Porter v. Hitchcock,
98 Pa. 625. . . . It recognizes two, and only two, kinds of notice to the judg-
ment creditor that the land bound by the lien of his judgment has passed to
another than his debtor. Both notices are constructive; the one, the public
record which he is presumed to know; the other, the occupancy of the land
which he is presumed to see; from the date of the existence of either fact,
the five years commence to run in favor of the terre-tenant." The contention
in that case was that actual knowledge on the part of the plaintiff in a judg-
ment of an unrecorded conveyance of land bound by it brought the plaintiff
within the provisions of that act and the benefits of the five-year period
inured to the terre-tenant. The lower court adopted this view and rendered
judgment in favor of the terre-tenant; but the Supreme Court refused to so
hold, affirming the case, however, for the reason that the terre-tenant had
been in possession of the land, and that, therefore, one of the two kinds of
notice was present which were contemplated by the act. In view of the dis-

Italo-French Produce Co. *v.* Dellapa, and Zeno, terre-tenant.

cussion to follow, it is important to observe that in that case the judgment against the defendant had been *regularly* revived before the expiration of each five-year period.

At this point reference is made to the Act of June 1, 1887, P. L. 289, which provides: "And no proceeding shall be available to continue the lien of said judgment against a terre-tenant, whose deed for the. land bound by said judgment has been recorded, except by agreement in writing, signed by the terre-tenant and entered on the proper docket, or the terre-tenant, or terre-tenants, be named as such in the original *scire facias.*"

In the case of Uhler *v.* Moses, 200 Pa. 498, it was decided, in an opinion by Mr. Justice Dean, that the Act of 1887, above quoted, did not repeal the Act of April 16, 1849, P. L. 663. The result is that both acts are in effect, and it is interesting to contemplate the status of the law as to revival of judgments, particularly as regards terre-tenants.

Under the Act of 1887, if a deed to a terre-tenant is on record, the *scire facias* to revive the judgment and continue the lien must name the terre-tenant. If (1) the deed is not on record, or (2) the terre-tenant is not in possession of the land, then the Act of 1849 applies; that is, the judgment must be regularly revived against the defendant; and, if so, the lien of the original judgment will continue for a period of five years from the date of the recording of the deed. The purpose of the Act of 1849 is apparent, namely, to protect the plaintiff's judgment, *regularly* revived against the defendant, by giving him five years after knowledge of the sale of land bound by it to another to revive the judgment against the land so aliened. The words of the Act of 1849 are: "When a judgment has been or shall be *regularly* revived between the original parties, . . . etc." The word "regularly," as applied to revival of a judgment, could only mean revival within the time prescribed by law; that is, five years. . It was designed, partly, to give added protection to a plaintiff who was diligent in preserving the lien of his judgment against the defendant by reviving it "regularly," by providing that, as to such a judgment, he had the right to revive it as to land aliened within five years from the date of recording of the deed therefor; but it was not designed to give a plaintiff any further extension of time to revive against a terre-tenant, where such plaintiff was lax in failing to revive his original judgment against the defendant "regularly;" that is, within five years from its entry. If the facts in the present case were that plaintiff had "regularly," that is, within five years from April 21, 1916, the date of entry, revived his original judgment against the defendant, and at that time no deed was on record to a terre-tenant, or no terre-tenant was in actual possession, then we concede that he would have had five years from the date of recording such deed to the terre-tenant to revive and continue the lien against the land owned by the terre-tenant. But the last deed for the land aliened being on record on March 23, 1920, more than a year prior to the expiration of the original judgment (it being entered April 21, 1916), the only manner in which the plaintiff could preserve his lien against the land sold to and owned by the terre-tenant was by issuing his *scire facias* within said five-year period and naming the terre-tenant, as provided by the Act of 1887. Having failed to issue his *scire facias* to revive the original judgment within said five-year period, the lien is lost as to the land of the terre-tenant, as decided in Pipher *v.* Duke, 13 Pa. Superior Ct. 279.

If a judgment creditor could secure a lien against a terre-tenant four months after the expiration of the lien against a defendant, as in this case, we can see no reason why a lien could not be secured against a terre-tenant

1 D. & C.

Italo-French Produce Co. v. Dellapa, and Zeno, terre-tenant.

fourteen years after the expiration of the lien against the original defendant, and by the same line of reasoning, no purchaser would be safe in purchasing real estate where there were judgments of record against the grantor that had lost their liens and the record remained unsatisfied. In the case at bar it is true that the lien of plaintiff was in force when this particular terre-tenant purchased, but the plaintiff lost his right to continue said lien against the lands of the terre-tenant by his failure to "regularly" revive his judgment within the period of five years from the date of its entry.

And now, Dec. 3, 1921, the facts involved in this matter being admitted, and a question of law being raised by the affidavit of defence to the *sci. fa.* affecting the terre-tenant, Frank Zeno, after argument, and upon due consideration, it is ordered and decreed that the *scire facias* issued in the above stated case, in so far as it affects Frank Zeno, the terre-tenant, and the lands aliened to him, be discharged and set aside.

From James L. Jack, Indiana, Pa.