## Fritch v. Flickinger.

*Judgments—Set off of judgment against judgment—Requisites.*

1. The right to set off judgment against judgment does not rest upon statute, but upon the general jurisdiction of courts over the suitors in them. It is an equitable jurisdiction.

2. In order to entitle one to be set off against the other they must be of the same or equal grade. The court will not allow a judgment entered on a bond, restricted in its collection to designated real estate, to be set off against a general judgment. Such judgments are not of the same grade.

3. There is a clear distinction between stipulations restricting the collection of the judgment to designated real estate and stipulations simply restricting the lien of the judgment to such. The latter can be set off because the personal obligation remains.

Rule to set off judgment. C. P. Berks Co., April T., 1921, No. 49, A. D.; April T., 1921, No. 54, J. D.

*William J. Young,* for defendant and rule.

*D. N. Schaeffer & Son,* for plaintiff.

ENDLICH, P. J., Dec. 24, 1921.—An action of *assumpsit* was brought by Levi L. Fritch against Milton H. Flickinger, to No. 49, April Term, 1921, A. D., in which, on April 14, 1921, he recovered a judgment for want of an affidavit of defence against Flickinger for $1082.52, which judgment was entered to No. 54, April Term, 1921, J. D.

On May 11, 1916, Levi L. Fritch had given a judgment bond for $1000 to Elbina Mae Stein, who, on July 1, 1916, assigned the same to Milton H. Flickinger, who, on Nov. 28, 1917, assigned it to John Warren, who, on Jan. 5, 1918, reassigned it to Milton H. Flickinger. On April 18, 1921, Flickinger entered judgment on this bond against Fritch for $1000, with interest from May 11, 1916, to No. 96, April Term, 1921, J. D. This bond was secured by a mortgage on a property situate at Friedensburg, this county, and contained, besides a waiver of exemption laws, etc., an express stipulation that "this bond is limited to the real estate described in the accompanying mortgage for collection." On April 19, 1921, Flickinger obtained this rule to show cause why the judgment No. 54, April Term, 1921, should not be set off against the judgment No. 96, April Term, 1921, to the end that the former judgment might be canceled and satisfaction entered thereon, and the amount due on said judgment, to wit, $1082.52, with interest and costs, credited on the judgment No. 96, April Term, 1921.

The application is resisted on the part of the plaintiff, Fritch, on three grounds: (1) A waiver of the exemption laws, etc., in the judgment No. 96,

1 D. & C.

April Term, 1921, J. D., and the absence of such waiver in the judgment No. 54, April Term, 1921, J. D.; (2) the presence in the bond on which judgment was entered to No. 96, April Term, 1921, J. D., of the stipulation above recited; and (3) an alleged agreement on the part of Flickinger to bid at the sale of the property covered by the mortgage referred to, and his failure to carry out the agreement, leaving the property to be sold at a nominal price.

1. It seems to be the generally accepted view in this country that the practice to set off judgment against judgment does not rest upon any statute, but upon the general jurisdiction of courts over the suitors in them. It is an equitable jurisdiction: see 2 Black, Judgments, § 1000. That is also the settled doctrine in Pennsylvania. Says Judge Rice, in Shoemaker v. Flosser, 8 Pa. C. C. Reps. 479: "The right to set off one judgment against another is not a legal but an equitable right." And as far back as Ramsey's Appeal, 2 W. 228, it was laid down that in Pennsylvania: "Judgments are set against each other, not by force of the statute, but by the inherent powers of the courts immemorially exercised, being almost the only equitable jurisdiction originally appertaining to them as courts of law."

The same doctrine is enunciated in Skinner v. Chase, 6 Pa. Superior Ct. 279; Aber's Petition, 18 Pa. Superior Ct. 110; Shoemaker v. Hurwitz, 56 Pa. Superior Ct. 632, and recognized in McCormick v. Alexander, 3 Dist. R. 149, and other cases. They all admit as a corollary to this teaching the rule that the judgments, in order to be set off against each other, must be of the same or equal grade, and it was held by Judge Rice, in Shoemaker v. Flosser, 8 Pa. C. C. Reps. 479, that if in one of the judgments the exemption is waived and in the other not, there can be no set-off between them. Other cases lay down the same rule. But in Riehl v. Vockroth, 1 Dist. R. 80, it is said that a judgment without a waiver of exemption will be set off against another judgment with a waiver, and there are some other cases to the same effect.

2. Granting that there may appear to be some doubt on this proposition under the authorities, we are of opinion that the second objection is decisive. The defendant relies for the contrary conclusion upon the decision in Stanton v. White, 32 Pa. 358, where it is declared that the lien of a judgment is but an incident to it, and that a restriction of its lien to certain designated lands does not affect the judgment as a personal security. And it is urged that, therefore, the stipulation in the bond as above recited, that for collection it is limited to the real estate covered by the mortgage, does not stand in the way of a set-off between these two judgments. Speaking of the last cited and other cases, in Carson v. Ford, 6 Pa. Superior Ct. 17, 19, the court says: "In all of these cases there was a simple restriction of the lien of the judgment entered to property specifically described, without in any way, directly or by implication, affecting the obligation or debt upon which the judgments were based respectively. The proviso in this case is much more comprehensive and far-reaching in its terms and consequent effect than any of those referred to in the cases cited. In addition to the restriction of the lien to the premises . . . in the City of Philadelphia, it is expressly provided that the judgment is 'not to affect or bind any other property or estate, real or personal, now owned or which may hereafter be owned by me.' " .

A comparison of these cases shows a clear distinction between stipulations restricting the collection of the judgment to designated real estate and stipulations simply restricting the lien of the judgments to such. To the latter class belongs Stanton v. White, 32 Pa. 358, and the cases following its lead. But Carson v. Ford, 6 Pa. Superior Ct. 17, falls in a class different from that—and so does the present case. It does not speak of any lien, but

restricts the collection of the bond, destroying all liability for it except with reference to designated property. A judgment containing such a restriction is clearly not of the same grade as a judgment without any restriction. Of course, the provisions of the bond control the judgment authorized by it.

3. On the questions of fact raised by the remainder of the answer, depositions of the parties were taken and resulted in statements involving oath against oath, upon which no decree is to be made by a chancellor: see Brawdy v. Brawdy, 7 Pa. 157, 159. Inasmuch as the set-off must be refused on the ground discussed under the second head, it is needless to make any further comment on this point. The rule to show cause is discharged.

From Wellington M. Bertolet, Reading, Pa.