Miller Brothers *v.* Boyotz et ux.

Argued April 17, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Edw. P. Doran,* for appellant.

*Carroll Caruthers,* and with him *Scott Fink,* for appellee.

Opinion by Trexler, J., July 2, 1929:

On February 18, 1914, by virtue of a warrant contained in a note, judgment was entered in favor of Miller Brothers against John Boyotz and Fannie Boyotz. On April 26, 1919, John Boyotz and Fannie Boyotz accepted service of a writ of scire facias to revive the judgment and confessed judgment thereon, which judgment was entered September 24, 1919. By deed, dated April 5, 1919, delivered in the month of June, 1919, John and Fannie Boyotz conveyed their real estate to Michael Smith, which deed was recorded on October 9, 1919. The plaintiffs in the original judgment having become involved financially, the Union Trust Company of Greensburg, trustee, caused a writ of scire facias to be issued on September 23, 1924, against the defendants, John Boyotz and Fannie Boyotz, with notice to Michael Smith, terre tenant. The latter filed an affidavit of defense denying that he was a terre tenant of the lands of defendants in said judgment and averring that the lien of the original judgment had expired by the lapse of five years and prior to his purchase of the land and that no recourse could be had to enforce its payment against the land so conveyed to him. The trial judge gave binding instructions for the defendant and subsequently entered judgment for the plaintiff n. o. v.

The Act of April 16, 1849, P. L. 663, section 8, provides, "that in all cases where a judgment has been or shall be regularly revived between the original parties, the period of five years during which the lien of judgment continues shall only commence to run in favor of the terre tenant from the time that he or she has placed their deed on record."

The Act of the 1st of June, 1887, P. L. 289, amending the act of the 26th of March, 1827, P. L. 229, provides that all judgments entered in any court of record in this Commonwealth shall continue a lien on the real estate of the defendant for a term of five years from the day of entry or revival thereof and no judgment shall continue a lien on such real estate for a longer period than five years from the day on which such judgment may be entered or revived, unless revived within that period by agreement of the parties and terre tenants filed in writing and entered in the proper docket or a writ of sci. fa. be sued out within the said period and no proceedings shall be available to continue the lien of such judgments against a terre tenant whose deed for the land bound by such judgment has been recorded, except by agreement in writing signed by the said terre tenant and entered on the proper docket or the terre tenant be named as such in the original scire facias. The Supreme Court in Uhler v. Moses, 200 Pa. 498, decided that both of the above acts are in force.

The trial judge in his opinion on motion to enter judgment n. o. v. construed the Act of 1849, supra, to the effect that even if the lien of the original judgment had been lost prior to the issuance of the scire facias, the lien continued against the terre tenant, and that on September 24, 1919, when judgment was entered by confession on the scire facias, it became a perfectly good judgment against the land in question and that that lien continued for five years from the date when the terre tenant's deed was recorded. If this be correct, it would follow that a purchaser of land against which there were judgments whose liens had expired, would hold his land with the liklihood that a sci- fa. to revive might he issued and judgment could be taken which would bind the land he had

bought and such lien would continue until five years after the date of the recording of his deed. In support of this theory, the trial judge refers to Lyon v. Cleveland, 170 Pa. 611. It will be noticed in that case that the original judgment was entered upon the 3rd of November, 1886, and the scire facias to revive was issued on the 6th of April, 1891, the latter date being *within* five years of the first and therefore the situation is not the same as the case we are now considering.

This court in Pipher v. Duke, 13 Pa. Superior Ct. 279, took occasion to say in regard to a situation where the lien of the judgment had expired prior to an amicable revival thereof, and it was sought to hold the land of an alienee who bought prior to such revival, "Unfortunately for the plaintiff on the date of the amicable revival, the lien of the judgment had expired, and no action of the parties to it could restore it to life as against the land that had been aliened in the meantime whether the deed to the alienee was on record or not." When a purchaser buys during the time when the judgment is an existing lien on the premises conveyed, he is made aware by an examination of the record that he takes the land subject to the lien and if he does not learn this by investigation, he has constructive notice, for the public record implies knowledge on his part. When he examines the record he is not required to take notice and investigate the status of judgments whose lien has expired. If there is a judgment whose lien is about to expire, and revival of it is sought by process of law or by agreement, the tenant who is in possession or has recorded his deed, is entitled to notice of the proceedings to revive. Armington v. Rau, 100 Pa. 165. If he is not in possession or has not recorded his deed under the acts above quoted, no notice need be given to him. Such revival,

however, must be had within five years in order to affect a purchaser of the land. We do not think it was the purpose of the Act of 1849 to change the law as it then stood that "by the lapse of five years without issuing a scire facias upon it for the purpose of recovering it (the buyer) stood a purchaser of his land in fee simple discharged from the lien of the judgment": Arrison v. Commonwealth, 1 Watts 374, 381. When a judgment was revived after the expiration of five years, it awoke to a new existence, not to a continuance of an old one and bound only what the debtor had at its revival: Shaeffer v. Child, 7 Watts 84; Dean's Appeal, 35 Pa. 405.

We all think that the court erred in entering judgment for the plaintiff. They should have preserved his lien by issuing a scire facias within five years.

The assignment of error is sustained and judgment is now entered in favor of Michael Smith, terre tenant.