## Lewis v. Puchy et al.

*Joseph Schutzman,* for plaintiff.
*Morris J. Pollack* and *Carl B. Fried,* for defendants.

PATTERSON, J., March 23, 1942.—On June 22, 1934, M. H. Lewis, plaintiff above named, entered judgment at no. 3004, July term, 1934, in the amount of $160.52 against Michael Puchy and Mary Puchy, his wife. This judgment was a lien against the interest of defendants in certain real estate owned by them in the Township of Mifflin, Allegheny County, Pa., being parts of lots nos. 95 and 96 in the Munhall Terrace Plan of Lots, as recorded in plan book vol. 11, pp. 94, 95.

By deed dated October 1, 1938, and recorded October 10, 1938, in deed book vol. 2610, p. 171, the said Michael Puchy and Mary Puchy, his wife, defendants above named, conveyed their interest in the above-described real estate to Michael Puchy, Jr., and Anna Puchy, his wife, the terre-tenants above named. On December 4, 1941, at no. 2493, January term, 1942, M. H. Lewis revived his judgment in the amount of $221.57 against Michael Puchy and Mary Puchy, his wife, naming therein as terre-tenants Michael Puchy, Jr., and Anna Puchy, his wife.

The chronology and lapse of time between the various procedural steps become important. Accordingly, it is to be noted that the deed for the liened property from the judgment debtors to the terre-tenants was dated four years and four months after the date of the entry of judgment, and 10 days thereafter was recorded. At the time of said conveyance and the recording thereof, the judgment in question was a lien against the real estate involved.

At the end of five years after the entry of judgment, no scire facias to revive had been issued and the lien was lost. On December 4, 1941, nearly seven and one-half years after the date of entry of judgment and over three years after the conveyance to the terre-tenants, and two and one-half years after the lien was lost, the judgment creditor issued a scire facias to revive his judgment, naming both the original debtors and their terre-tenants as defendants therein. The terre-tenants

have brought the matter before the court on an affidavit of defense raising questions of law.

The sole question that emerges is whether or not the real estate in the hands of the terre-tenants is bound by the lien of the judgment after the expiration of five years from the date of entry. It is a question that has not infrequently been before the appellate courts with some variety of opinion as to the proper disposition. In a recent case before Wilson, J., in the Court of Common Pleas of Beaver County, that learned jurist has endeavored to reconcile the decisions in a scholarly and well-considered opinion: Klein et al. v. Anderson et ux., 39 D. & C. 139. We are in accord with much that is said in that opinion by way of discussion, but we cannot agree with the court's interpretation as to the effect of the declaratory law as found in the appellate decisions or with the construction of the Act of April 16, 1849, P. L. 663, 12 PS §872. Incidentally, it may be said that in an equally well-considered opinion, Langham, P. J., of the Court of Common Pleas of Indiana County, reached a wholly different conclusion, and one in which we here concur: Italo-French Produce Co. v. Dellapa et al., 1 D. & C. 216.

Phrased as a general legal proposition, the question is whether or not the failure of a judgment creditor to revive the lien of his judgment within five years relieves the land of the lien where a deed to a terre-tenant has been recorded during the five-year period. The revival of judgments in this Commonwealth first came under statutory control in the Act of April 4, 1798, 3 Sm. L. 331, sec. 2, 12 PS §864. Subsequently the Act of March 26, 1827, P. L. 129, was substituted and that act was amended by the Act of June 1, 1887, P. L. 289, sec. 1, 12 PS §868. The effect of these statutes is that "All judgments entered in any court of record in this Commonwealth, or revived in manner prescribed by this act, . . . shall continue a lien on the real estate of the defendant for the term of five years from the day

of entry or revival thereof; and no judgment shall continue a lien . . . for a longer period than five years . . ." unless revived; and the statute provides the procedure for revival.

Meanwhile, however, the Act of April 16, 1849, P. L. 663, was enacted and provides:

". . . when a judgment has been or shall be regularly revived between the original parties, the period of five years during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant, from the time that he or she has placed their deed on record . . ."

The Act of 1887, amendatory to the Act of 1827, provides:

". . . no proceeding shall be available to continue the lien . . . against a terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement, in writing, . . . entered on the proper lien docket, or the terre-tenant or terre-tenants be named as such in the original scire facias."

In Uhler v. Moses, 200 Pa. 498, 502, it was decided by Justice Dean that the two acts, namely, the Act of 1827, as amended by the Act of 1887, and the Act of 1849, were not inconsistent. That case held that a judgment creditor had five years from the date of record of a terre-tenant's deed to revive against the terre-tenant, even though the said deed was of record at the time of revival against the original debtor. This case discusses the evils possible under the revival acts which were sought to be cured by the Act of 1849, repeating the discussion of Justice Dean in Wetmore v. Wetmore, 155 Pa. 507, 512. These decisions are cited with approval in Farmers National Bank & Trust Co. of Reading, to use, v. Barrett et al., 321 Pa. 273, 275, and in Kefover et al. v. Hustead et al., 294 Pa. 474, 481.

That two repugnant acts cannot stand is a rule of law, the full force of which we recognize, and which was reiterated by Mr. Justice Dean in Uhler v. Moses,

supra, in a manner that leaves no doubt that the Act of 1827, as amended in 1887, and the Act of 1849 are not repugnant. The statutory mandate of the former acts utterly and absolutely limits the lien of a judgment to five years. Until legislation to the contrary is enacted, that statutory limitation must stand. The Act of 1849 does not extend the term. All it serves to do is to provide that the lien may be revived against a terre-tenant within five years of the date of the terre-tenant's deed or open occupancy of the liened property, provided (and this is the controlling factor) the lien has been regularly revived against the original debtor. In other words, the lien cannot be revived against the terre-tenant after it has been allowed to lose its status against the original debtor. In the absence of such revival, it seems too plain for argument that the vitality of the lien is lost and it cannot be revitalized by any action of the parties. This is the effect of Pipher, etc., v. Duke et al., 13 Pa. Superior Ct. 279, 282, reaffirmed in Miller Brothers v. Boyotz et ux., 96 Pa. Superior Ct. 208, 213, citing other cases which have established that doctrine to have been the law for many years: Arrison v. Commonwealth, 1 Watts 374, 381; Shaeffer v. Child, 7 Watts 84; Dean's Appeal, 35 Pa. 405. The distinction which the learned court sought to make in Klein et al. v. Anderson et ux., supra, is plainly defined in Everett Hardwood Lumber Co. v. Calhoun, 121 Pa. Superior Ct. 451, 456, where the court sustained the lower court in overruling questions of law raised by way of defense and sustaining the entry of judgment n. o. v., so doing because the orginal judgment had been *regularly* revived. That factor of revival controlled and it is not present in the case at bar.

Kefover et al. v. Hustead et al., supra, is an authority which is invoked often to confuse the fundamental question. But that case is plainly in support of the doctrine we adopt, for the reason that the lien of a judg-

ment was there regularly revived by the death of the debtor Hustead. That revival by operation of statute was obviously the motivating thought of Mr. Justice Sadler, for at page 479 he cites the Act of May 14, 1915, P. L. 475, amending the Act of May 3, 1909, P. L. 386, which in turn was incorporated in the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15(*g*), providing for the revival of liens upon a decedent's real estate for five years from the date of death. At page 481 of the opinion it is expressly declared that the Act of 1849 is applicable where the judgment has been regularly revived "by sci. fa. or otherwise." It follows, then, that the lien must be kept alive within five years from the entry of judgment against the original debtor if it is to be of any avail against a terre-tenant whose rights have meanwhile intervened, and of which there is notice, actual or constructive. Otherwise it is wholly devitalized and lost.

It is difficult to determine what limitation could be placed upon liens and what the title searcher would have to do if any other interpretation were placed upon the lien statutes. It may be said that our doctrine in the instant case might permit evasion of the lien by a fictitious conveyance during the life of the lien. Indeed, the conveyance here under consideration is not one that has strong appeal to the conscience of the court; but the answer to such argument is that a vigilant creditor, who diligently pursues his remedy, can preclude the loss of his lien against the liened premises.

### Order

And now, to wit, March 23, 1942, the questions of law raised by the affidavit of defense in the above-entitled case are sustained, and it is ordered and directed that judgment be and it hereby is entered in favor of defendants Michael Puchy, Jr., and Anna Puchy, his wife.