[Porter v. Hitchcock.]

# Porter *versus* Hitchcock.

98   625
155   512

1. Where a scire facias to revive a judgment is issued against and is served upon the defendant therein only, within five years from the entry of said judgment, and judgment is obtained accordingly upon said scire facias against said defendant, the issuing of an alias scire facias and the service thereof on a terre-tenant within five years from the date of the issuing of the original scire facias will avail to revive and continue the lien of the judgment against such terre-tenant.

2. The provisions of the Act of April 16th 1849, § 8, Pamph. L. 664, do not secure to a terre-tenant any other or further right of notice of the revival of a judgment than that possessed by such tenant under the Act of March 26th 1827, 9 Sm. L. 303. On the contrary, by the provisions of said Act, a terre tenant's right of notice is limited so as to commence only from the time when he records his deed or enters into possession of the land.

October 20th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, STERRETT, and GREEN, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Erie county:* Of October and November Term 1881, No. 221.

Alias sci. fa. to revive judgment, by C. A. Hitchcock to use etc., against Philo Huntley, with notice to Sarah Porter, terre-tenant.

From the records of the court and from the affidavit of defence filed by Sarah Porter, the following facts appeared:— On October 6th 1875, Philo Huntley, being the owner of a certain house and lot, gave a judgment note to C. A. Hitchcock for $400, on which judgment was entered on October 8th 1875. On March 14th 1876, Sarah Porter purchased from Huntley the said premises for a valuable consideration by deed recorded March 17th 1876, when she took possession of the premises, which she has since continued to occupy. She had no knowledge in fact of the existence of said judgment, but relied on the warranty in the deed against incumbrances. On November 23d 1877, Hitchcock issued a scire facias against Huntley alone to revive the judgment. The writ was served on him, without notice to Sarah Porter. On March 7th 1881—within five years from the issuing of the sci. fa. against Huntley, and more than five years after Mrs. Porter's purchase of the premises—the plaintiff Hitchcock issued an alias sci. fa. to revive judgment. against " Philo Huntley, defendant, with notice to Sarah Porter and all other terre-tenants." This writ was served on Sarah Porter April 9th 1881. In her affidavit of defence, she claimed that the alias sci. fa. not having been issued or served

2 OUTERBRIDGE—40

[Porter *v.* Hitchcock.]

upon her until more than five years after the date of her pur-
chase it was inoperative to continue the lien of the judgment
as against her title to the said premises.

The court (GALBRAITH, P. J.) made absolute a rule to show
cause why judgment should not be entered for want of a suffi-
cient affidavit of defence, whereupon Sarah Porter took this
writ of error, assigning for error the entry of said judgment.

*P. A. Walling* and *Davenport & Griffith,* for the plaintiff
in error, cited—Act of April 4th 1798, §§ 2, 3, P. L. 331 ; Act
of March 29th 1827, P. L. 455 ; Act of April 16th 1849, P. L.
663 ; Clippinger *v.* Miller, 1 P. & W. 71 ; Lusk *v.* Davidson, 3
P. & W. 229 ; Bank *v.* Rainey, 1 Watts 33 ; Fursht *v.* Overdeer,
3 W. & S. 471 ; Armstrong's Appeal, 5 W. & S. 355 ; Little *v.*
Smyser, 10 Barr 381 ; Zerns *v.* Watson, 1 Jones 262.

*J. C. Brady, G. A. Allen* and *L. Rosenzweig* for the de-
fendant in error, cited—Davidson *v.* Thornton, 7 Barr 128;
Lichty *v.* Hochstetler, 10 Norris 444 ; Kirby *v.* Cash, 37 Leg.
Intell. 254.

Mr. Justice GORDON delivered the opinion of the court No-
vember 7th 1881.

When Sarah Porter, the terre-tenant, bought the Huntley
property, it was charged with the lien of the plaintiff's judg-
ment, which was entered on October 8th 1875. On November
23d 1877, a scire facias was issued on this judgment, which was
served on Huntley but not on the terre-tenant. On this scire
facias there was a judgment entered against Huntley on June
13th 1879, and was followed by an alias scire facias which was
served on the defendant April 9th 1881, within five years from
the date of the issuing of the original scire facias. The learned
judge of the court below thought this was in time to charge the
property of the terre-tenant, and so ruled. In this he is sup-
ported by the act of 1827, and by the cases of Meason's Estate,
4 Watts 341 ; Silverthorn *v.* Townsend, 1 Wr. 263 ; Davidson
*v.* Thornton, 7 Barr 128 ; Lichty *v.* Hochstetler, 10 Nor. 444,
and Kirby *v.* Cash, 37 Leg. Int. 254.

Some reference has been made by the counsel for the de-
fendant to the Act of 1849, but we think it singular that this
Act should be cited as putting the terre-tenant in a position
superior to that of the judgment debtor, or to that possessed by
such tenant under the Act of 1827. The very contrary is the
fact. The Act of 1849 was obviously passed to meet the case of
Armstrong's Ap., 5 W. & S. 352, wherein it was held that
under the Act of 1827 the terre-tenant must be made a party to

the revival of the judgment, though his deed was not on record. The Act of 1849 so far alters this rule that a revival of the judgment against the original debtor will bind the terre-tenant unless he has put his deed on record, or is in the actual possession of the land, and his right to notice now commences only from the date of such record, or time of such possession. In other words, by complying with the terms of this Act, he entitles himself to the notice prescribed by the Act of 1827, otherwise he is entitled to no such notice, and his land continues to be bound by the lien of the original judgment as long as it is kept revived against the original debtor.

　　　　　　　　　　　　　　Judgment affirmed.