## Buck's Appeal.

1. The terre-tenant of land is not entitled to notice of the revival of a judgment against his grantor, unless he has at the time of such revival placed his deed upon record or taken such possession of the land as amounts to constructive notice to the judgment creditor.

2. Where the possession of the grantor is continued, and that of the terre-tenant is at best joint with him and not exclusive, this is not such possession as entitles the terre-tenant to notice of revival.

March 9th 1882.   Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Lehigh
county :* Of January Term 1882, No. 78.

Appeal of Reuben Buck from a decree of the Court of
Common Pleas of Lehigh county, distributing the proceeds of
certain real estate sold under order of the court by Alvin F.
Creitz, assignee for the benefit of creditors of Samuel P. Oswald.

· The auditor appointed to award distribution of the fund
found the facts to be as follows :—On April 7th 1873, Jacob J.
Oswald was the owner of two tracts of land in Lehigh county.
On that day a judgment was entered against him on a judg-
ment note, with waiver of exemption, dated April 1st 1873,
for $600 in favor of Elenius Snyder, which judgment became
a lien on said two tracts.

On August 7th 1876 a judgment was entered against said
Jacob J. Oswald in favor of Reuben Buck, on a judgment
note, with waiver of exemption, dated July 31st 1876, for
$700, which judgment became a lien on said two tracts.

On March 2d 1878, by indenture of that date, recorded
March 25th 1878, Jacob J. Oswald conveyed said tracts to his
son Samuel P. Oswald, in consideration of $2,550.

For a long time previous to the execution and delivery of
this deed, Samuel P. Oswald had been living with the grantor
and his family in the capacity of a farm-hand, and had been
running the farm for him.

Samuel P. Oswald married in 1877, and in the same year
his wife joined him, living with him from that time on in the
family of Jacob J. Oswald, for whom Samuel continued to
farm after his marriage, and up to the time of the conveyance. ·

The conveyance made no change in the family relations of
Jacob J. Oswald and wife and Samuel P. Oswald and his wife,
it being understood by parol at the time of the execution of the
deed that the latter were to maintain and support the former
to the end of their lives.

On March 18th 1878 (seven days prior to the recording of
the above mentioned deed to Samuel P. Oswald), an amicable
agreement, dated March 14th, 1878, signed by Jacob J. Oswald
and Elenius Snyder, was entered in the court of common pleas to
revive and continue the lien of the judgment of Elenius Snyder
against Jacob J. Oswald.

Elenius Snyder had no actual notice of the change in the
ownership of the farm from Jacob J. Oswald to Samuel P. Os-
wald when the lien of his judgment was so revived by agreement.

In the year 1878, Samuel P. Oswald bought some stock for
the farm ; he made no change in the farming when the land
was conveyed to him.

On March 10th 1879, Samuel P. Oswald and wife conveyed and assigned all their property, personal and mixed, as well as other real estate, consisting of the two tracts of land aforesaid, with the exception of $300 worth, to Alvin F. Creitz, for the benefit of their creditors.

The assigned real estate was sold by the assignee by order of the court of common pleas for the payment of debts, on the 26th day of July 1879.

The fund for distribution consists entirely of the proceeds of said assigned real estate. It was claimed by Snyder on the one hand, and by Buck on the other.

The auditor reported on these claims as follows:—" From these Acts (of March 26th 1827, and April 16th 1849) and from Armstrong's Appeal, 5 W. & S. 352, it may be gathered that if a judgment is revived by amicable agreement without including a terre-tenant, who has either placed his deed upon record, *or is at the time of revival in actual possession of the premises*, the lien of the judgment, as revived, does not bind the land in the terre-tenant's hands. This is also the effect of the rulings in Sames' App., 2 Cas. 184; Fickes's App., 21 P. F. S. 449 and 450; Rudy's App., 9 W. N. C. 308 and 311. Although Samuel P. Oswald had not placed his deed from Jacob J. Oswald on record till March 25th 1878, seven days after the revival by agreement between the latter and Snyder, yet that deed had been fully executed and delivered on the 2d of March 1878, and Samuel P. Oswald, the grantee, had on the same day gone into *actual possession* of the land conveyed, in which possession he continued and was on the 2d of March 1878, the day of revival. But it is urged on behalf of Snyder that he had no actual notice of the conveyance, and that he could have had no constructive notice of it from Samuel's possession of the land, because he (Samuel) had been farming it for years before, and the relations between him and Jacob J. Oswald's family continued, apparently, the same after the conveyance. I confess there is some force in this objection, but Snyder chose to take all risks. He might have sued out a writ of scire facias against Jacob J. Oswald, instead of entering into an amicable agreement with him, in which case the latter would undoubtedly have informed Snyder explicitly of the transfer. Again, it is urged that there was a verbal agreement, made between Samuel P. Oswald and Jacob J. Oswald on the execution of the deed, and as a part of the consideration that the former should pay all the latter's debts. But this agreement—granting that there was such a one (of which the evidence is not clear)—would have created no lien on the land of which Snyder could take advantage, however binding it might be on the parties to it. After the legal title has passed, a lien must be expressly charged

on the land: Strauss' Appeal, 13 Wr. 353; Trinity Church *v.* Watson, 14 Wr. 518; Rudy's Appeal, supra.

"Under all the circumstances of this case, Snyder is not entitled in the opinion of the auditor to share in the present distribution."

The auditor therefore awarded to Reuben Buck payment of his judgment in full.

Synder filed exceptions to the auditor's report, which were sustained by the court in an opinion by ALBRIGHT, P. J. The court was of opinion that the character of Samuel P. Oswald's possession, under the facts as found by the auditor, was not such as to amount to constructive notice to Snyder, or render the revival by agreement inoperative as to the terre-tenant. The court therefore referred the matter back to the auditor, and a decree was afterwards entered by the court, confirming the auditors redistribution in accordance with the opinion of the court.

Reuben Buck thereupon took this appeal, assigning the said decree for error.

*Levi Smoyer*, for the appellant.

*C. J. Erdman*, for the appellee.

Mr Justice GORDON delivered the opinon of the court, March 27th 1882.

So well has this case been disposed of by the learned Judge of the court below, that we need spend but few words in justification of its affirmance.

It is very true that under the Act of 1827, the terre-tenant is not concluded by the amicable revival of a judgment unless he is joined in the agreement which provides for such revival, but neither is he concluded by a scire facias unless he is served according to the provisions of the Act of 1798. But the Act of April 16th 1849 alters the practice in this, that the terre-tenant is entitled to notice only where he has put his deed upon record, or has entered into the actual possession of the land bound by the judgment. That Act reads as follows:—"In all cases when a judgment has been or shall be regularly revived between the original parties, the period of five years, during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record; provided, that this Act shall not apply to any cases which have been finally adjudicated, or when the terre-tenant is in actual possession of the land bound by such judgment, by himself or tenant." Thus, then, when it appears that

[Burger *v.* Dankel.]

the terre-tenant has not complied with the conditions of the statute, the only inquiry is whether the judgment has been " regularly revived between the original parties," and no distinction is made between a revival by scire facias, and by the agreement of the parties.

In the case in hand, there is no doubt as to the regularity of the revival of the Snyder judgment, and it is an undisputed fact that the deed of Samuel Oswald, the terre-tenant, was not recorded until after the revival of that judgment. There then remains but the single question whether this terre tenant had such possession of the land, at the time of the revival, as would amount to constructive notice to the judgment creditor. But as the possession of the grantor, the judgment debtor, was continued, and as that of the terre-tenant was, at best, but joint with his grantor, and at no time exclusive, it was clearly not of that kind which would affect Snyder with notice. Hence, under the Act of 1849, the case stands as though there had been no terre-tenant, and the acts of the original parties in the revival of the judgment are alone to be regarded.

It follows, that the money for distribution was properly awarded to the Snyder judgment.

The decree is affirmed with costs to be paid by the appellee.