## Mercy Hospital of Pittsburgh *v.* McCartan.

*Judgments—Revival of judgments—Acts of June 18, 1895, P. L. 197, Feb. 24, 1834, P. L. 70, Sec. 25—Construction.*

Under the Act of June 18, 1895, P. L. 197, supplementing and amending the Act of Feb. 24, 1834, P. L. 70, Sec. 25, and providing for the revival of judgment liens on real estate by the death of the judgment defendant, the lien of a judgment recovered against the terre tenant's grantor within 5 years before the grantor's death and binding the land when conveyed to the terre tenant will be revived by the grantor's death for a further period of 5 years. The operation of the Act of 1895 is not limited to judgments binding lands owned by the judgment defendant at his death.

Nicholas v. Phelps, 15 Pa. 36, followed.

Argued Oct. 13, 1914. Appeal, No. 58, Oct. T., 1914, by Samuel H. McCartan, from judgment of C. P. Allegheny Co., Jan. T., 1913, No. 803, for plaintiff for want of a sufficient affidavit of defense, in case of The Mercy Hospital of Pittsburgh, a Corporation, v. Mary McCartan, now deceased, in the hands of John Whitney and Edward J. White, Executors named in her last Will and Testament, with notice to Samuel H. McCartan, terre tenant. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Scire facias to revive a judgment.

Rule for judgment for want of a sufficient affidavit of defense.

SHAFER, J., filed the following opinion:

The action is a scire facias to revive a judgment, with notice to a terre tenant. From the affidavits of claim and defense it appears that the judgment which it is here sought to revive was entered against Mary Mc-Cartan while she was the owner of certain lands in the County of Allegheny, and thereupon became a lien upon those lands; that afterwards, in 1907, she conveyed these lands to Samuel McCartan, who is named as terre tenant herein, and that afterwards on March 29, 1909, within less than five years after the date of the judgment, Mary McCartan died. The sci. fa. herein was issued a day or two more than five years after the date of the judgment and less than five years after the death of Mary McCartan. The defense on the part of the terre tenant is that the lien of the judgment against the land held by him has expired.

It is provided by the Act of June 18, 1895, P. L. 197, which is a supplement to the Act of February 24, 1834, P. L. 70, that all judgments which at the time of the death of the decedent shall be a lien on his real estate shall continue to bind such real estate during the term of five years from his death, without a sci. fa. to revive issue within that time. The contention in this case arises over the proper interpretation of the words "on his real estate" in this act. The terre tenant claims that these words in the act refer only to real estate which the decedent owned at the time of his death, while the plaintiff contends that it applies to all the real estate upon which the judgment was a lien at the time of his death. The former would seem to be the more natural interpretation of the words, and such a meaning was given to them in the opinion of the court in the case of Long v. McConnell, 158 Pa. 573. In that case it was contended that the death of the terre tenant kept the judgment alive against her, and it was said by the court that "this suggestion comes from a misapprehension of the statutory provision referred to, as that is applicable

only to a judgment against a decedent which is a lien on his land at the time of his death. It does not regulate the lien of such a judgment on land aliened by him, nor does the death of the terre tenant continue the lien of it upon such land." The statement that the statute does not regulate the judgment on land aliened by the decedent is purely obiter, there being nothing in the case to call for any decision on that matter. The only question was whether the death of the terre tenant kept the judgment alive, and it had already been determined that it did not, nor could the act have any such meaning. The matter was, however, before the court in the case of Nicholas v. Phelps, 15 Pa. 36, where the precise question arose, and it was said that although the Act of Assembly of 1834 speaks of the continuance of the lien of judgments on the land of defendant at the time of his death, and extends it for five years from that period, it is nevertheless to be interpreted as relating to lands of which he was seized at the rendition of the judgment, and a judgment against one who had pleaded as a terre tenant was sustained on this ground. The precise question was again brought into the Supreme Court in the case of Stevenson v. Black, 1 Atl. Repr. 312; s. c. 1 Central Rep. 353. In this case the court says: "The construction given in Nicholas v. Phelps, 15 Pa. 36, to section 25 of the Act of February 24, 1834, has been acquiesced in for thirty-five years; we are not aware that its correctness has been questioned in this court during all that time. If the statute was now before us for the first time its proper construction would be a fair question for argument. This, however, does not justify us in now disturbing that which has been recognized as correct construction for so many years. Titles have passed and been acquired in reliance on its correctness. We recognize it as the law of this Commonwealth and adhere to the act. It rules this case."

More than sixty years have now passed since the case of Nicholas v. Phelps, 15 Pa. 36, and we are not aware

that its correctness has ever been questioned in that time. We quite agree with the expression of the court in 1885 that if the question were new the proper construction of the act might be a fair question for argument, but that this would not justify disturbing it at this day.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense and entered judgment for plaintiff for $2,935.36. Samuel H. McCartan, terre tenant, appealed.

*Error assigned* was the judgment of the court.

*Thomas L. Kane,* for appellant.

*Daniel C. Dillon,* with him *A. V. D. Watterson & Edward A. Kraus, Jr.,* for appellee.

PER CURIAM, January 2, 1915:
The judgment appealed from is affirmed on the opinion of Judge SHAFER.