Kefover et al. *v.* Hustead et al., Appellants.

Argued October 2, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Walter C. Montgomery,* for appellants.—According to the Act of 1917 there are two classes of real estate, and only two, against which the lien or a judgment is continued for five years on account of death, viz.: (1) Real

estate owned by decedent at the time of his death. (2) Real estate conveyed by deed not recorded during decedent's lifetime.

Admittedly the real estate now in question does not come under either of said classes. Hence the death of J. M. Hustead does not help out plaintiffs and does not excuse them from their neglect in issuing the sci. fa. within the usual five year period from date of entry of the judgment.

The real estate in question in the instant case was not owned by the decedent at the time of his death, and it was not real estate conveyed by deed not duly recorded during the lifetime: therefore the lien against same was not saved by the death of J. M. Hustead: Barrell v. Adams, 26 Pa. Superior Ct. 635; Kirk v. Van Horn, 265 Pa. 549; Brennan's Est., 277 Pa. 509; Uhler v. Moses, 200 Pa. 498.

Plaintiffs in the court below offered in evidence the record and rested without having attempted to show, in face of the plea of the terre-tenant defendants, either that they were terre-tenants of lands bound by the lien of the judgment, or what lands were claimed to be so bound; such proof being admittedly a necessary part of plaintiffs' case in chief, it should have been offered before plaintiffs' rested: Buck v. McKeesport, 223 Pa. 211.

*H. S. Dumbauld* and *Scott & Hook,* for appellees.—A lien of the judgment had not expired as against lands of terre-tenants: Porter v. Hitchcock, 98 Pa. 625; Lyon v. Cleveland, 170 Pa. 611.

The period of five years during which the lien of the judgment continues shall only commence to run in favor of the terre-tenant from the time he or she has placed their deed on record, if the judgment has been or shall be regularly revived between the original parties.

Appellants were in court as terre-tenants of James M. Hustead, and were required to plead and defend their

title against the lien of the judgment: Dengler v. Kiehner, 13 Pa. 38; Colburn v. Trimpey, 36 Pa. 463.

The trial judge had discretion to permit appellees to reopen their case for the purpose of offering additional evidence after they had rested and appellants had moved for compulsory nonsuit.

OPINION BY MR. JUSTICE SADLER, November 26, 1928:

The Kefovers, plaintiffs in the present proceeding, secured on September 15, 1915, a judgment for $15,582 against one Hustead in Fayette County, and an exemplification of the same was filed in Greene County six days later. This became a lien on certain property therein owned by Hustead, and so remained when he conveyed, to the terre-tenants here named, by two deeds, one dated November 15, 1917, recorded November 23d of the same year, and the other February 8, 1918, recorded the following March 2d. At the time of the conveyance both properties were subject to the lien referred to, and this condition existed when Hustead died on March 6, 1918. On December 26, 1920, a few months more than five years from the date of entry of the judgment, and practically two years and ten months after his decease, but, within five years of the dates of the recording of the deeds to the terre-tenants, a sci. fa. to revive was issued against the executors of Hustead and the grantees of the land. All parties defendant appeared, and, as required by the rules of court of Greene County, an affidavit of defense was filed by the present appellants, admitting therein that they were terre-tenants of the land sought to be charged, the deeds therefor having been recorded in the lifetime of decedent, but contending, as a matter of law, that the lien of the judgment as to them had expired.

At the trial which followed, the plaintiffs proved the judgment, subject to certain credits, and closed without evidence that the Hustead lands had come into the possession of appellants, defending parties, as grantees

through the decedent. A nonsuit was asked as to them, whereupon the court, on motion, opened the case to permit plaintiffs to prove the essential fact omitted from the evidence, and which was established by the admission in the affidavit of defense, then offered for that purpose. In so permitting, we cannot say that there was an improper exercise of judicial discretion, and the assignment of error complaining of its action in this regard is without merit: McCoy v. Niblick, 221 Pa. 123; Buck v. McKeesport, 223 Pa. 211. After calling one of plaintiffs on cross-examination to confirm the statement of allowable credits, defendants rested. Binding instructions for the Kefovers were then given. Motions for a new trial and judgment n. o. v. having been overruled, the terre-tenants brought this appeal.

The real question raised by the record is the right to a revival of the judgment for the amount thereof, deducting the payments made on account, entered when the terre-tenants bought and recorded their deeds. Of course, if the lien had been lost by failure to exercise due diligence, no recovery could be had in so far as their lands were concerned. Where real estate is purchased subject to a lien, the grantee becomes a terre-tenant (Colburn v. Trimpey, 36 Pa. 463), and as to his property the land can be bound by a revival, though the contrary is true if the lien had expired before conveyance: Dengler v. Kiehner, 13 Pa. 38. Under the earlier legislation in force, one so interested was not an essential party to the scire facias issued, though it was necessary that he be given notice, so that there was opportunity offered to come in and defend: Com. v. Miller's Adm., 8 S. & R. 452; Com. v. Mateer, 16 S. & R. 416. He could appear and show that the judgment was paid, in full or in part, or that it was no lien on the property acquired by him as grantee: Colwell v. Easley, 83 Pa. 31. By the Act of 1887 (June 1, P. L. 289), reënacting the Act of March 29, 1827, P. L. 455, there was added this amendment: "No proceeding shall be available to continue the

lien of said judgment against a terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement, in writing, signed by said terre-tenant, and entered on the proper lien docket, or the terre-tenant, or terre-tenants, be named as such in the original scire facias."

In so far as the pleadings in this case are concerned, this requirement was followed, and the question raised is, Whether the lien itself had expired as against the land of the grantees. The proceeding was one in rem (Kirk v. Van Horn, 265 Pa. 549), and the statutes regulating revivals are of repose: Brennan's Est., 277 Pa. 509. Suits to enforce claims against real estate must necessarily be brought within the time and manner therein fixed. What was the situation in the present case? The judgment was entered in 1915, and Hustead died in 1918. As to his estate it is clear the lien of the judgment extended for five years from the time last named, without revival against any property which he owned at the time of his death. A recapitulation of the Acts of Assembly applicable, in so far as the lands remaining in decedent are concerned, is to be found in Kirk v. Van Horn, supra, and it would serve no good purpose to repeat what was there said.

The Act of June 18, 1895, P. L. 197, supplementing and amending that of February 24, 1834, P. L. 70, section 25, provided for the continuance of the lien (or in effect its revival as a matter of law) for five years after decedent's death, though the land had been conveyed by him, which was interpreted to mean all that he owned when the judgment was rendered: Mercy Hospital v. McCartan, 247 Pa. 328. The Act of May 14, 1915, P. L. 475, amending section 3 of the Act of 1909 (May 3, P. L. 386), continuing the lien of judgments against decedents for five years from death, was in turn incorporated into the Fiducaries Act (June 7, 1917, P. L. 447, section 15, par. g), directing as follows: "All judgments which at the time of the death of a decedent shall be liens on real

estate owned by said decedent at the time of his death, or on real estate which shall have been conveyed by deed not duly recorded during his lifetime, shall continue to bind such real estate during the term of five years from his death, although such judgments be not revived by scire facias or otherwise after his death......After the expiration of such term, such judgments shall not continue liens on the real estate of such decedent, unless revived by scire facias, or otherwise, according to the laws regulating the revival of judgments." It will be noticed that these acts provided for the continuance of the lien for the period named in two specified cases, namely, where land was owned by the decedent at the time of his death and where conveyed by deed not entered during his lifetime, the terre-tenant not being made a party, but made no regulations as to property originally subject to the lien, where conveyed and the deed duly recorded, as in the case at bar. In the instances first specified, the lien remains for five years from the date of entry, revival, or death. In the present case, we have a situation not in express words covered by the act referred to. As to the estate, the judgment against Hustead clearly remained a lien for five years from his decease, but here the present terre-tenants came within a possible class not expressly designated, for decedent did not own the land when death came, nor was the deed theretofore unrecorded.

We must examine other legislation in force to determine how a third class of judgments, namely, those which were liens on land, conveyed in the lifetime of deceased, as here, and recorded, should be revived. Such case is controlled, and the right of the parties fixed, by the Act of 1849 (April 16, P. L. 664, section 8), which provides: "In all cases when a judgment has been or shall be regularly revived between the original parties, the period of five years, during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time that he or she has placed

their deed on record. Provided, That this act shall not apply to any cases which have been finally adjudicated, or when the terre-tenant is in actual possession of the land bound by such judgment, by himself or tenant."

It is now urged that this legislation has been impliedly repealed by the Act of 1917, before referred to. The same contention was unsuccessfully insisted upon when the Act of 1887 was passed, providing that terre-tenants should be made parties to revival proceedings: Uhler v. Moses, 200 Pa. 498. What was said by this court previously may appropriately be repeated here: "Unquestionably, the obvious intent of this act (1849) was to continue the lien of the original judgment against the land of the debtor by a revival against him alone, unless the purchaser or terre-tenant put his deed upon record, or was in actual possession, in which cases the five years commence to run in his favor from the date of recording the deed, or from the date he took possession of the land, personally or by his tenant......We so held in Porter v. Hitchcock, 98 Pa. 625......From the date of the existence of either fact, the five years commence to run in favor of the terre-tenant. This act is in the highest degree of open, fair dealing; imposes hardship on no one; is a protection to creditor, debtor and purchaser": Wetmore v. Wetmore, 155 Pa. 507, 512.

That this legislation is still in force has been recognized in as late a case as Schotts & Co. v. Agnew, 81 Pa. Superior Ct. 458. It is made applicable where the judgment has been regularly revived "by sci. fa. or otherwise," a phrase used in the various acts dealing with the debts of decedents, and in the present case the judgment was renewed as to Hustead's Estate for the period of five years when he died in 1918. It was within the right of the plaintiff, therefore, to proceed within five years from the date of the recording of the deeds to charge the land conveyed in his lifetime, and action was taken within that time, though more than five years from the original entry had gone by. The Act of 1849 excepted

from its operation cases where the grantee was in actual possession before the date of recording (Wetmore v. Wetmore, supra; Buck's App., 100 Pa. 109), but the facts in the present case do not make the restriction suggested applicable here.

As to the estate of Hustead, the lien of the judgment was renewed in 1918 by his death for the period of five years, and the same would have been true against a grantee as to property conveyed by unrecorded deed where the purchaser was not in actual possession (Lyon v. Cleveland, 170 Pa. 611), but, as to those whose deeds were entered, the scire facias was necessarily issued within five years of the date of their recording, the grantor having died thereafter. It is from that time the limitation of the right to revive is to be measured, and the proper steps were taken in this case within the term fixed. Binding instructions for plaintiff were therefore properly given.

The judgment is affirmed.