Klopfenstein et ux., Appellants, *v.* Chadbourne.

Argued April 11, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*J. M. Sherwin,* and with him *W. S. Carroll* and *T. P. Dunn,* for appellants.

*Carlton M. Randall,* for appellee.

Opinion by Baldrige, J., July 14, 1932:

This appeal is from the decree in a declaratory judgment proceeding sustaining the validity of the lien of a judgment of George G. Chadbourne against land conveyed to plaintiffs by George F. Chadbourne.

George F. Chadbourne and his wife, on March 26, 1923, acquired title by entireties to a certain lot of ground in the City of Erie, having thereon erected a two-story apartment house. They encumbered this property by a first mortgage, dated December 8, 1926, to A. W. Mitchell, guardian, in the sum of $6,000, and by a second mortgage, dated March 19, 1927, to Isaac W. Baldwin for $2,500. On September 9, 1927, the judgment in question was entered on a note for $1,275 signed by George F. Chadbourne, alone.

The appellants contend that on November 7, 1927, they became equitable owners of the property by virtue of an oral agreement of sale, under which $50 was paid and a written receipt given therefor; that later in November, a cash payment of $450 and a $500 note were given to the real estate agent, who conducted the negotiations under written authority given to him by the husband, but were not delivered to Chadbourne until the execution of the deed. The remainder of the purchase price was the assumption of the two mort-

gages. On December 4, 1927, Eva M. Chadbourne, the wife, died, and on December 8, 1927, George F. Chadbourne, her surviving husband, executed and delivered a deed for the lot to the plaintiffs, subject to the above two mortgages.

Whether the wife was a party to the contract was in dispute. But the record shows that the wife died before any enforceable contract was made. This phase of the case, however, is not controlling. Assuming that the wife was a party to the agreement, the judgment lien creditor of her husband was not affected by the executory contract. The appellants frankly concede that their purchase was contingent upon their ability to raise money on a mortgage which was to be used, as we understand, to pay off the second mortgage. These arrangements to obtain this money were not completed before November 30th, so that until that time the appellants evidently did not look upon this oral contract as enforceable, nor were they in possession of the property. They had an equitable interest in the property to the extent of the payments made on account of the purchase price, but the legal title remained in the vendor. If the contract had provided that the building would be in good condition upon delivery of the deed, and in the meantime the building was destroyed, the contract would not have been enforceable, so, if the title was to be conveyed subject to certain specified liens, and it became burdened with additional liens, the vendees were not required to fulfill their part of the contract. Clearly, the situation that arose was not contemplated by the parties, and the intent there, as in all contracts, prevails. In accepting the deed, the appellants did so with at least constructive notice of the existence of the lien. Whatever remedy they have is against the vendor.

The husband and wife had an indivisible estate in this property; neither could sell nor dispose

of it without the consent of the other. The right of survivorship was in the husband, by virtue of which, in case he survived his wife, her estate was extinguished and he became the absolute and unqualified owner of the fee. This interest of the husband, although uncertain, was nevertheless subject to a lien. The Supreme Court said in Biehl v. Martin, 236 Pa. 519, 527, "Contingent though this ultimate divestiture be, the expectancy is nevertheless a vested interest, and as such may be the subject of lien." This property could not have been taken in execution on the judgment and sold prior to the wife's death as the husband alone did not have the right of disposition or sale thereof. The lien on the husband's expected interest became enforceable only when this expectancy ripened into a fact. The owner of the judgment lien, therefore, held it subject to its possible extinction by sale by the joint parties, or survivorship of the wife, and, so long as she lived, her rights to the enjoyment and possession of her property could in no way be interfered with by her husband's creditors. But, at the death of the wife, this judgment became an enforceable lien against the debtor's property as he then became the sole and absolute owner of the legal title: Fleek v. Zillhaver, 117 Pa. 213; Gasner v. Pierce, 286 Pa. 529. The appellants cite Hetzel v. Lincoln, 216 Pa. 60. In that case, the judgment was given by the husband and the court held that it was not enforceable as the property was owned by the husband and wife in entireties, and the husband, instead of surviving, as here, predeceased his wife. The court, however, expressly recognized that "the judgment was a lien upon the defeasible estate of the husband."

It follows that upon the death of the wife the two mortgages were liens and the judgment of the appellee was the third lien. The second mortgage was paid off by the appellants after the delivery of the deed for the property and they now seek to be subrogated to

the rights of the original mortgagee. We are of the opinion that the question of subrogation is not involved in this case. When the appellants purchased the property and expressly obligated themselves to discharge the mortgage debt, the payment thereof did not create any right of subrogation. See 25 R. C. L. 1354.

Judgment of the lower court is affirmed.