## Huntington v. Minard et al.

*Edwin W. Thompkins*, for plaintiff.
*Johnson & McNarney*, for defendants.

BAIRD, P. J., May 11, 1935.—On November 2, 1932, the plaintiff caused to be issued to no. 6, January term, 1933, a sci. fa. to revive and continue the lien of a judgment entered November 7, 1928, to no. 17, January term, 1928, against George Minard, defendant, with notice to Joseph Walker, terre-tenant.

The sheriff made return of service of said writ of sci. fa. upon both the defendant and the terre-tenant.

The defendant and the terre-tenant filed an affidavit of defense in which the contention was made (1) that because of the provisions of the will of Bertha I. Minard, deceased, wife of George Minard, defendant, his lands,

title to which he obtained by devise from his wife, were not bound by the original judgment or revivals thereof, and (2) that because on January 1, 1930, he, the defendant, entered into a contract to sell to Joseph W. Walker and Anna Walker, his wife, a portion of the lands devised to him by his wife, and because Anna Walker had not been named as a terre-tenant in the writ of sci. fa., no judgment should be entered against Joseph Walker as terre-tenant, on the theory that he and his wife, Anna, being tenants by the entireties, Anna should have been joined as party terre-tenant with him.

The plaintiff thereupon moved for judgment against the defendant and the terre-tenant (Joseph Walker) for want of a sufficient affidavit of defense, and a rule to show cause was granted. In an opinion and order filed on June 19, 1933, the court decided both of these contentions against the defendant and terre-tenant, and made absolute the rule to show cause why judgment against them should not be entered for want of a sufficient affidavit of defense. For discussion of questions involved in this litigation up to that time see Huntington v. Minard et al., 19 D. & C. 458.

In disposing of the contention that the real estate contracted to be sold to Joseph Walker and Anna Walker, his wife, was held by them by entireties, and that no lien could attach to this land unless both were named and served as terre-tenants, we were not as clear as we might and should have been: What we should have said is that the expectant interest of husband or wife, where they hold real estate as tenants by entireties, may be the subject of a lien against either of them alone, but that the lien becomes enforceable only after the death of the other. Speaking of a judgment against the husband alone as a lien on real estate owned by husband and wife as tenants by the entireties, the Superior Court in Klopfenstein et ux. v. Chadbourne, 105 Pa. Superior Ct. 530, said at page 533:

"The lien on the husband's expected interest became enforceable only when this expectancy ripened into a fact. The owner of the judgment lien, therefore, held it subject to its possible extinction by sale by the joint parties, or survivorship of the wife, and, so long as she lived, her rights to the enjoyment and possession of her property could in no way be interfered with by her husband's creditors. But, at the death of the wife, this judgment became an enforceable lien against the debtor's property as he then became the sole and absolute owner of the legal title".

Pursuant to said order of court filed June 19, 1933, and upon præcipe of plaintiff's attorney directing the prothonotary to liquidate and enter judgment, the prothonotary, by paper attached to the præcipe, liquidated the judgment and made the following order:

"Now, December 26, 1933, judgment is entered in favor of the plaintiff, L. K. Huntington, against George Minard, defendant, and Joseph Walker, terre-tenant, with respect to the lands, goods, chattels, credits and choses in action, bound by the original judgment, in the sum of $2,567.56 and costs, with interest from December 20, 1933", and signed his name thereto as prothonotary.

On the same day, the plaintiff caused to be issued an alias sci. fa. to revive and continue the lien of the same judgment, to wit, that entered to no. 17, January term, 1928, against George Minard, defendant, with notice to Joseph W. Walker and Anna Walker, his wife, terre-tenants, returnable to the third Monday of January, 1934.

To this alias writ of sci. fa. the sheriff made return of service as follows:

"Served the within writ on George Minard, defendant, by handing a true and attested copy thereof at his residence in Shippen Township, Cameron County, Pennsyl-

vania, on the 29th day of December, 1933, by producing the original and informing him of its contents.

"Served the within writ on Anna Walker, terre-tenant, by handing a true and attested copy thereof at her place of residence in Shippen Township, Cameron County, Pennsylvania, on the 29th day of December, 1933, by producing the original and informing her of its contents.

"Served the within writ on Joseph W. Walker, by handing a true and attested copy thereof at his place of residence in Shippen Township, Cameron County, Pennsylvania, to an adult member of his family, said adult member of his family being Anna Walker, his wife."

On March 21, 1934, the plaintiff filed a præcipe directing the prothonotary to liquidate and enter judgment on the alias sci. fa., for want of an appearance and affidavit of defense, and on the same day by paper attached to the præcipe, the prothonotary liquidated the judgment and made the following order:

"And Now, March 20 (21), 1934, judgment is entered in favor of the plaintiff, L. K. Huntington, against George Minard, defendant, and Joseph Walker and Anna Walker, his wife, terre-tenants, with respect to the lands, goods, chattels, credits and choses in action, bound by the original judgment in the sum of two thousand five hundred ninety-eight and 51/100 (2,598.51) dollars and costs, with interest from March 20, 1934", and signed his name thereto as prothonotary.

On the same day the plaintiff by præcipe filed caused a writ of fieri facias to be issued on the judgment, and pursuant to said writ the sheriff levied upon and advertised for sale the lands devised to George Minard, defendant, by his deceased wife, including the land contracted to be conveyed by George Minard to Joseph W. Walker and Anna Walker, his wife.

On March 22, 1934, the plaintiff, by præcipe filed, caused to be issued on said judgment an attachment exe-

cution against George Minard, defendant, and Joseph W. Walker and Anna Walker, his wife, garnishees.

On April 12, 1934, a petition was presented by George Minard, defendant, and upon it a rule to show cause was granted, but we need not refer to this petition and rule particularly for the reason that on May 16, 1934, another petition superseding the prior one was presented by him, setting forth the same and additional facts, and praying (1) that the judgment entered November (December) 26, 1933, be stricken off; (2) that the returns of service of the sci. fa. issued December 26, 1933, be stricken off; (3) that the judgment entered March 21, 1934, be stricken off; (4) that the fi. fa. be stricken off; (5) that the attachment execution against Joseph W. Walker and Anna Walker, his wife, as garnishees, be stricken off; and (6) that all proceedings to enforce the judgment be stricken off; whereupon a rule to show cause as prayed for was granted, and later, in due course, an answer to the petition was filed by the plaintiff, but for the purposes of this opinion it is not necessary to refer to it particularly.

First, it is to be noted that the petition upon which this rule to show cause was granted is the petition of George Minard, defendant, alone, and that neither Joseph W. Walker nor Anna Walker, his wife, as terre-tenant or garnishee, is asking for any relief; but in order to avoid any future controversy on that score, we shall treat the rule as if it were obtained upon the petition of all three of them.

The first prayer for relief is based on the assumption that judgment on the original sci. fa., entered December 26, 1933, is invalid as against Joseph W. Walker, terre-tenant, named in the original sci. fa., because such judgment was entered "against Joseph Walker, terre-tenant, as in the original judgment", whereas "the said Joseph Walker was neither a defendant nor a terre-tenant in the original judgment", and the contention is made

that "judgment should have been entered (against him) only as to the land bound by the original judgment." It is true that the docket entries show the entry of such a judgment as that complained of, but such is not the fact. The fact is that judgment was entered against "Joseph Walker, a terre-tenant, with respect to the lands . . . bound by the original judgment", as shown by the paper attached to the præcipe for judgment hereinbefore quoted, which is just such a judgment as is claimed should have been entered, but the prothonotary in copying it into the docket did not copy it correctly and he is hereby directed to so correct and amend his docket entries as to show the entry of judgment in the form of the order originally made by him and attached to the præcipe for judgment.

The second prayer is based on the contention that the sheriff's return to the alias sci. fa. issued December 26, 1933, is insufficient and does not show a valid service upon the defendant or either of the named terre-tenants. It may be that such service is technically open to attack, but the sheriff in office at the time this writ was issued and by whom it was served, on June 23, 1934, presented his petition alleging that "service of said writ was made upon George Minard, defendant, by handing to him personally a true and attested copy thereof at his residence in Shippen Township, Cameron County, Pennsylvania, on the 29th day of December, 1933, and that he produced the original in connection therewith and informed said George Minard of its contents;" also that he served said writ on Anna Walker, terre-tenant, on the same day and in the same manner at her residence in said township (for the sake of brevity we do not quote verbatim the sheriff's return of service upon her) ; also that he "served said writ on Joseph W. Walker by handing a true and attested copy thereto to an adult member of his family, at his dwelling or place of residence in Shippen Township, Cameron County, Pennsylvania,

on the 29th day of December, 1933, said adult member of his family being Anna Walker, his wife, and by producing the original in connection therewith and informing said adult member of the contents thereof"; and praying that he or his successor in office as Sheriff of Cameron County be permitted to amend the return so as to conform to the actual facts of service of said writ; whereupon a rule to show cause was granted, and although service of a certified copy of the rule was promptly acknowledged and accepted by the attorneys for the defendant and terre-tenants, no answer thereto has been filed. Such proposed amendment of the sheriff's return of service meets all of the requirements of the Act of July 9, 1901, P. L. 614, but upon the oral argument and in their written brief counsel for the defendant and terre-tenants contend that the proposed amendment is defective because in the case of each of the parties defendant and terre-tenant, the sheriff did something more than is required by the statute, that is, he produced the original writ and informed them of its contents. There is nothing in this objection. "Where what the law requires is done, the doing of additional superfluous acts will not vitiate the service": 50 C. J. 482. Objection was also made at the argument to the proposed amendment of the return of service upon Joseph W. Walker because it sets forth that service was made at "his dwelling or place of residence" instead of at his "dwelling house" as required by the act in such case. As used in this connection "dwelling", "dwelling houses", and "place of residence" are equivalent terms, and this objection is overruled.

The third prayer for relief is based upon three reasons; first, that the judgment on the alias sci. fa., entered March 21, 1934, was entered "in favor of the plaintiff and against the defendant"; that "no mention is made of Joseph W. Walker or Anna Walker, his wife, as terre-tenants, and no judgment was entered against

252

them." It is true that the docket entries do not show the entry of judgment against the terre-tenants, but the actual judgment entered, as shown by the paper attached to the plaintiff's præcipe for liquidation and judgment, quoted above, does show the entry of judgment in proper form against both the defendant and the terre-tenants, and the prothonotary is hereby directed to correct and amend his docket entries accordingly.

The second reason given in support of the third prayer for relief is that the judgment is not valid because of defective service of the alias sci. fa. We have disposed of that contention by making absolute the rule to show cause why the return of service should not be amended so as to conform to the actual facts. Said amendment should be made by the ex-sheriff who served the writ, and it may be made at this time without disturbing the judgment. A sheriff's return may always be amended so as to conform to the truth, unless some new right has arisen in the meantime founded upon the defective return: Maloney v. Simpson, 226 Pa. 479. There is no pretense in this case that any new right has arisen founded on the defective return. In Maloney v. Simpson, the sheriff's return was amended so as to conform to the facts, after a sheriff's sale and deed to the purchaser, and in that case, at page 482, the court asked the question: "Had the Court power to allow the amendment of the return, after judgment had been entered, and a sale been made?", and answered it by saying: "We think so. The general rule seems to be that a return may always be amended so as to conform to the truth, unless some new right has arisen in the meantime, founded upon the defective return."

The third and last reason given for striking off the judgment as against Anna Walker is that "the last revival of the original judgment was November 7, 1927", and that "no scire facias (against her as terre-tenant) was issued . . . until December 26, 1933, at which time

the lien of the judgment had expired as against the land held (by her) as terre-tenant". This objection overlooks the Act of April 16, 1849, P. L. 663, sec. 8, which provides as follows:

"That in all cases when a judgment has been or shall be regularly revived between the original parties, the period of five years during which the lien of the judgment continues, shall only commence to run in favor of the terre tenant, from the time that he or she has placed their deed on record: *Provided,* That this act shall not apply to any cases which have been finally adjudicated, or when the terre tenant is in actual possession of the land bound by such judgment, by himself or tenant."

The contract under which Anna Walker and her husband claim a portion of the land bound by the original judgment is dated January 1, 1930. It is conceded that their contract has not been placed on record and that no deed has been made; and it is self-evident that they did not go into possession under their contract prior to its date. The 5 years within which a sci. fa. to revive as against her did not, therefore, begin to run prior to January 1, 1930, and the sci. fa. to bring her in as a terre-tenant, issued December 26, 1933, was sued out in due time. For discussion of the Act of 1849, supra, see Porter v. Hitchcock, 98 Pa. 625; Buck's Appeal, 100 Pa. 109; Wetmore v. Wetmore, 155 Pa. 507; Lyon, to use, v. Cleveland, 170 Pa. 611; Uhler v. Moses, 200 Pa. 498; Kefover et al. v. Hustead et al., 294 Pa. 474; Miller Brothers v. Boyotz et ux., 96 Pa. Superior Ct. 208; Italo-French Produce Co. v. Dellapa et al., 1 D. & C. 216.

The fourth, fifth and sixth prayers for relief are based on defective service of the alias sci. fa. to revive, and for the reason already given are denied.

Now, May 11, 1935, the rule to show cause granted on the petition of George Minard, defendant, on May 16, 1934, is discharged, and the order staying proceedings is revoked.