Merchants Banking Trust Co., to use, Appellant,
*v.* Kaleda et ux.

Argued March 11, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Ralph M. Bashore,* with him *James M. Kane* and *John L. Cecil,* for appellant.

*Calvin J. Friedberg,* for appellees.

OPINION BY ARNOLD, J., April 16, 1947:

The use plaintiff appeals from the order of the court of common pleas quashing a writ of fieri facias and striking off a judgment against Mary Kaleda upon which the execution issued.

In May, 1925, a judgment by confession was entered against George A. Kaleda which was a lien on lot No. 1 in Mahanoy City.

In July, 1925, two deeds were recorded, one from Kaleda and wife to Gallagher, and one from Gallagher to George A. Kaleda and Mary Kaleda, his wife (a tenancy by the entireties).

On the recordation of these deeds this judgment was then a lien on lot No. 1 for not over five years from the

date of recordation,[1] that is, not beyond July, 1930: *Simmons v. Simmons et al.,* 150 Pa. Superior Ct. 393, 28 A. 2d 445; *Ellinger v. Krach,* 150 Pa. Superior Ct. 384, 28 A. 2d 453; both affirmed in 346 Pa. 52, 29 A. 2d 677.

In March, 1930, the judgment was amicably revived against George A. Kaleda by a writing signed by him.

On July 3, 1930, the judgment thus revived lost its lien on lot No. 1 because of the absence of any revival against the terre tenant, whose deed was recorded; *except* that the lien continued on the expectant interest of George A. Kaleda to survive his wife, Mary: *Klopfenstein et ux. v. Chadbourne,* 105 Pa. Superior Ct. 530, 161 A. 642; *C. I. T. Corporation v. Flint, et al.,* 333 Pa. 350, 5 A. 2d 126. It was not a lien on any right, title or interest of Mary Kaleda in this land.

In March, 1935, the revived judgment of 1930 was again revived against George A. Kaleda only, by a writing signed by him. This judgment, too, was a lien only on the expectant interest of George A. Kaleda in lot No. 1, and was not a lien on any right, title or interest of Mary Kaleda in this land.

In November, 1936, George A. Kaleda and Mary Kaleda signed an agreement,[2] duly filed, that the pro-

---

[1] See the Act of 1943, P. L. 774, not applicable here, and "Lien and Revival of Judgments—A Serious Legislative Error", by Philip W. Amram, 15 Pa. Bar Association Quarterly, page 133.

[2] The forms used for the amicable revival signed by Mary Kaleda and George A. Kaleda were identical and read: "it is hereby agreed that an Amicable Action to revive the above stated Judgment, be entered in the Court of Common Pleas of Schuylkill County . . . with same effect as if a writ of scire facias has been regularly issued therein and duly returned served personally on the defendant; and the Prothonotary be hereby authorized and required *to enter Judgment of Revival* herein in favor of the Plaintiff, against the Defendant for the sum of Fifteen Hundred Dollars, . . . ($1500.00) so as to continue the lien of the above judgment upon the Real Estate of Defendant, for another period of five years . . ." (Emphasis supplied.)

thonotary should enter "Judgment of Revival" on the revived judgment entered in March, 1930, (not the revived judgment entered in March, 1935). This revival, too, carried a lien upon the expectant interest of George A. Kaleda as to lot No. 1 and any other real estate he then owned, and was a judgment in personam as to him. But Mary Kaleda only authorized the entry of a "Judgment of Revival" against her. As to her it was a judgment de terris, creating a lien on any real estate owned by her which she had acquired from or through her husband, George Kaleda, *and which when conveyed by him* was a lien under the judgment of revival of March, 1930. Both the judgment of November, 1936, and the judgment of.March, 1935, had lost any lien on lot No. 1 after July 3, 1930.

In November, 1941, there was filed another amicable revival of the same tenor, signed by George A. Kaleda and Mary Kaleda, reviving the judgment—itself a judgment of revival entered in November, 1936. Likewise this revived judgment was in personam as to George A. Kaleda, was a lien upon his expectant interest in lot No. 1, and upon any real estate he then owned. Likewise as to Mary Kaleda it was only a de terris judgment, and neither it nor its antecedent judgment of revival was a lien on lot No. 1.

George A. Kaleda died in 1943. Under §15 (g) of the Fiduciaries Act of 1917 (20 P. S. 527). any lien on real estate of the decedent under the revived judgment entered November, 1941, was continued for five years from his death, that is, until May 13, 1948. The judgment of November, 1941, continued to be in personam as to him and his estate. As to Mary Kaleda, the judgment being only de terris, it was not revived by his death.

In June, 1944, a writ of fieri facias was issued on the 1941 revived judgment *against Mary Kaleda* and George A. Kaleda, and under the writ a levy was made on lot No. 1.

At the teste of the fieri facias there was no judgment in personam against Mary Kaleda, and no judgment de terris against her which was a lien on lot No. 1.

Appellant also contends that Mary Kaleda, by signing the amicable revivals, was estopped from denying that the judgments were a lien on lot No. 1. With this position we cannot agree. There is no averment in the plaintiff's answer that it failed to attack the conveyances (by Kaleda to Gallagher to Kaleda and wife) because of any reliance on any representation or any act of Mary Kaleda in connection with the execution of the agreements of amicable revival. At the time she signed each of them the plaintiff had no lien on lot No. 1, and none could be acquired by any revival of judgment, either by adverse or amicable scire facias. It is not averred that plaintiff deleteriously changed its position acting in reliance upon any act of hers; nor that the plaintiff would have challenged the validity of the conveyances if she had not executed the amicable revivals. As far as now appears, the conveyances may still be open to attack in a proper proceeding. It is not claimed that there was any fraud or misrepresentation by Mary Kaleda.

In this opinion we have dealt with the positions taken by the parties who desired to determine whether lot No. 1 was subject to levy under the execution issued on the judgment of November, 1941. The court below correctly answered that it was not, but its orders went too far. The judgment of November, 1941, against George Kaleda could not be stricken from the record, being regular in all respects. The judgment of revival of November, 1941, and the preceding judgment of revival of November, 1936, against Mary Kaleda was a perfectly good de terris judgment against her, the worth of the lien of which was not before the court except as to lot No. 1, upon which it was not a lien. The judgment de terris

574

against Mary Kaleda could not, therefore, be stricken from the record.[3]

In order to conform to the actual situation and purposes of this proceeding, we will modify the order as follows: That part of the rule which prays to strike off the judgment either as to George A. Kaleda or as to Mary Kaleda is discharged; as to the fieri facias issued on the judgment against Mary Kaleda, upon which levy was made on lot No. 1 in Mahanoy City, Schuylkill County, Pennsylvania, the levy is set aside. As thus modified, the order of the court below is affirmed.

---

[3] We do not pass upon the question of whether, in the event of the sale of lot No. 1 on fieri facias issued against George Kaleda only, on the judgment of November, 1941, the purchaser of lot No. 1 may test the Mary Kaleda title by an action of ejectment. If such is attempted, the court will, of course, stay the fieri facias unless the fiduciary of the estate of George A. Kaleda is first warned (by scire facias quare executionem non) under §15 (i) of the Fiduciaries Act of 1917 (20 P.S. 529). Nor do we pass upon the question of whether the plaintiff may at this time attack, by bill in equity, the validity of the conveyances on the ground that they were voluntarily given and constructively fraudulent under the Uniform Fraudulent Conveyance Act of 1921, 39 P.S. 351, et seq.; nor whether the proper practice is a bill in equity or an ejectment on the title acquired at sheriff's sale.